PEOPLE v BATTLE

Docket No. 88114. Submitted March 10, 1987, at Detroit. Decided
     April 28, 1987.

     Ronald Battle was convicted of intentionally concealing or mis-
     representing the identity of a motor vehicle by altering the
     identification numbers following a jury trial in Wayne Circuit
     Court and was sentenced, Charles Kaufman, J. Defendant
     appealed.

          The Court of Appeals *held:*

          1. Defendant failed to object at trial to jury instructions
     which he contends on appeal were improper. No manifest
     injustice occurred through the giving of the instructions, and
     defendant failed to preserve the issue for appeal.

          2. Defendant's contention that the presumption contained in
     the statute making possession of a vehicle or auto part with the
     manufacturer's serial number or engine number removed or
     destroyed prima facie evidence of the charged crime violates
     his right to due process is rejected. The presumption contained
     in the statute is neither irrational nor arbitrary. Furthermore,
     defendant advanced no argument and cited no authority in
     support of his assertion. Therefore, the issue is not properly
     before the Court.

          3. The trial court did not err in failing to quash the search
     warrant and suppress the evidence seized.

          4. Defendant was not denied effective assistance of counsel.

          5. Defendant's conviction was supported by sufficient evi-
     dence.

          Affirmed.

1. CRIMINAL LAW — STATUTES — PRESUMPTIONS.
     A criminal statutory presumption is regarded as irrational or
     arbitrary and hence unconstitutional when there is no rational

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Evidence §§ 159 *et seq.*

Presumptions and inferences arising under National Motor Vehicle
     Theft Act (Dyer Act) (18 USCS §§ 2312, 2313) from unexplained
     possession of stolen motor vehicle. 15 ALR Fed 856.

connection between the proven fact and the presumed fact; to avoid a statute's being found unconstitutional, there must be substantial assurance that the presumed fact is more likely than not to flow from the proven fact on which it is made to depend.

2. CRIMINAL LAW — STATUTES — PRESUMPTIONS.

The Court of Appeals should give deference to the Legislature's determination favoring a particular presumption in a criminal statute when addressing questions of the reasonableness of the presumption.

3. APPEAL — PRESERVING QUESTION.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Robert L. Ziolkowski,* for defendant on appeal.

Before: CYNAR, P.J., and WEAVER and M. H. CHERRY,* JJ.

PER CURIAM. Following a jury trial, defendant was found guilty of intentionally concealing or misrepresenting the identity of a motor vehicle by altering the identification numbers, MCL 750.415(2); MSA 28.647(2). Defendant was sentenced to prison for 1½ to 4 years. Defendant appeals as of right.

Defendant first contends that the trial court improperly instructed the jury regarding prima facie evidence. Defendant did not object at trial to the instructions on prima facie evidence and, thus,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

this issue was not preserved for appeal. *People v Kelly,* 423 Mich 261, 271-272; 378 NW2d 365 (1985). A review of the instructions indicates that no manifest injustice occurred.

Next defendant argues that the presumption contained in MCL 750.415(3); MSA 28.647(3) violates his right to due process. The statute makes possession of a vehicle or auto part with the manufacturer's serial number or engine number removed or destroyed prima facie evidence of the charged crime. A presumption in a criminal statute is regarded as irrational or arbitrary and hence unconstitutional when there is no rational connection between the proven fact and the presumed fact. To avoid a statute's being found unconstitutional because of an irrational or arbitrary presumption, there must be substantial assurance that the presumed fact is more likely than not to flow from the proven fact on which it is made to depend. *People v Rafalko,* 26 Mich App 565, 569; 182 NW2d 732 (1970), citing *Leary v United States,* 395 US 6; 89 S Ct 1532; 23 L Ed 2d 57 (1969). In the instant case, there is a rational connection between the proven fact, possession of a defaced vehicle part, and the presumed fact, concealment with intent to mislead another. In addition, the Legislature's determination favoring a particular presumption should be given deference by this Court when addressing questions of reasonableness. *Rafalko, supra,* p 569.

It should be noted that, although defendant asserts that the presumption violates his right to equal protection, defendant advanced no argument and cited no authority in support of this assertion. Therefore, the issue is not properly before this Court. *People v Noble,* 152 Mich App 319, 328; 393 NW2d 619 (1986).

Defendant also complains that the trial court

erred in failing to quash the search warrant and suppress the evidence seized. We find no error. The police received a citizen complaint that defendant was "cutting up cars" in his back yard. Officer Henry Crump personally observed the dismantled autos in defendant's yard, thereby verifying the citizen's tip. The affidavit supporting the warrant recites these facts along with a reference to defendant's prior conviction for receiving and concealing stolen auto parts.

Furthermore, the search would arguably have been proper under MCL 257.251(e); MSA 9.1951(e), which allows a police officer to inspect the records of auto parts dealers and scrap metal processors without a warrant. See *People v Barnes,* 146 Mich App 37; 379 NW2d 464 (1985), lv den 425 Mich 860 (1986).

Defendant's next allegation is that he was denied effective assistance of counsel. We have reviewed each instance of alleged ineffective assistance, and we find that defendant had adequate assistance of counsel under the tests enunciated in both *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), and *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Finally, defendant contends that his conviction was not supported by sufficient evidence or, alternatively, that his conviction was against the great weight of the evidence. After review of the record, we disagree.

Affirmed.