PEOPLE v OXENDINE

Docket No. 136658. Submitted June 2, 1993, at Detroit. Decided September 7, 1993, at 9:40 A.M.

Charles Oxendine was convicted by a jury in the Detroit Recorder's Court, Clarice Jobes, J., of ninety-nine counts of altering a motor vehicle identification number without intent to mislead, two counts of operating a chop shop, ten counts of receiving and concealing stolen property exceeding $100 in value, and of being an habitual offender. He appealed.

The Court of Appeals held:

1. Convictions of receiving and concealing stolen property and of operating a chop shop violate the double jeopardy protection against multiple conviction for the same offense where, as in this case, the convictions arise from the same criminal transaction. The convictions and sentences for receiving and concealing stolen property must be vacated.

2. Convictions of altering a vehicle identification number and of operating a chop shop violate the double jeopardy protection against multiple punishment for the same offense where, as in this case, the convictions arise from the same criminal transaction. The convictions and sentences for altering vehicle identification numbers must be vacated.

3. The statutory presumption that a person in possession of a motor vehicle or motor vehicle parts with altered vehicle identification numbers did the alteration is not unconstitutional.

4. The convictions of operating a chop shop were supported by sufficient evidence of stolen motor vehicle parts in the possession of the defendant.

5. There was no abuse of discretion by the prosecutor in charging the defendant.

Affirmed in part and reversed in part.

REFERENCES

Am Jur 2d, Criminal Law §§ 266, 277.

Supreme Court's views as to application, in state criminal prosecutions, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L Ed 2d 924.

1. CRIMINAL LAW — DOUBLE JEOPARDY — RECEIVING AND CONCEALING STOLEN PROPERTY — CHOP SHOPS.

Convictions of receiving and concealing stolen property and of owning or operating a chop shop violate a defendant's protection against double jeopardy where they arise from the same criminal transaction (MCL 750.535, 750.535a[2]; MSA 28.803, 28.803[1][2]).

2. CRIMINAL LAW — DOUBLE JEOPARDY — ALTERING VEHICLE IDENTIFICATION NUMBERS — CHOP SHOPS.

Convictions of altering a motor vehicle identification number and of owning or operating a chop shop violate a defendant's protection against double jeopardy where they arise from the same criminal transaction (MCL 750.535a[2], 750.415[1]; MSA 28.803[1][2], 28.647[1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Rita H. Lewis,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), for the defendant on appeal.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and W. J. CAPRATHE,* JJ.

FITZGERALD, P.J. Following a jury trial, defendant was convicted of ninety-nine counts of altering a vehicle identification number (VIN) without intent to mislead, MCL 750.415(1); MSA 28.647(1), two counts of owning or operating a chop shop, MCL 750.535a(2); MSA 28.803(1)(2), ten counts of receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803, and of being an habitual offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to a prison term of eight to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

twenty years. He appeals as of right. We affirm in part and reverse in part.

Defendant first claims that his convictions of receiving and concealing stolen property and of operating a chop shop violated his protection against multiple convictions under the Double Jeopardy Clauses, US Const, Am V; Const 1963, art 1, § 15.[1] For the reasons enunciated in *People v Allay,* 171 Mich App 602; 430 NW2d 794 (1988), we agree. Accordingly, we vacate the convictions and sentences for receiving and concealing stolen property.

Defendant also maintains that his convictions of altering VINS and operating a chop shop violated the double jeopardy protection against multiple punishment. We agree.

Again, we are confronted with the double jeopardy protection against multiple punishment for the same offense. This form of double jeopardy addresses the defendant's interest in not having more punishment imposed than that intended by the Legislature. *People v Robideau,* 419 Mich 458, 485; 355 NW2d 592 (1984). The issue whether two convictions involve the same offense for purposes of the protection against multiple punishment is solely one of legislative intent. *People v Sturgis,* 427 Mich 392, 400; 397 NW2d 783 (1986).

This Court must use traditional means to determine whether the Legislature intended to permit multiple punishment and examine the subject, language, and history of the statutes involved. *Robideau, supra* at 486. Statutes prohibiting conduct that is violative of distinct social norms can generally be viewed as separate and amenable to permitting multiple punishment. *Id.* at 487. A further source of legislative intent can be found in

---

[1] The prosecutor concedes error with respect to this issue.

the amount of punishment expressly authorized by the Legislature. Where the Legislature has taken conduct from a base statute and increased the penalty for aggravated conduct, it in all likelihood did not intend punishment under both statutes. *Id.* at 487-488.

The statutes involved are part of a statutory scheme dealing with automobiles and stolen goods in general. *People v Noble,* 152 Mich App 319, 323-324; 393 NW2d 619 (1986). The Penal Code prohibits the removing and defacing of VINs on automobile parts and also prohibits the switching of parts that have VINs on them. MCL 750.415; MSA 28.647; *People v Boscaglia,* 419 Mich 556, 564; 357 NW2d 648 (1984). Violation of § 415(1) is a misdemeanor.[2] The code also prohibits receiving, possessing, and concealing stolen property, MCL 750.535; MSA 28.803.

The statutes involved have common social purposes. The prohibition against concealing or misrepresenting the identity of a motor vehicle by altering the VIN was enacted to provide for ready ascertainment of a VIN in order to deter theft. The thrust of the statute is the prevention of the taking apart and reassembling of stolen vehicles by chop shops. Through this statute, the Legislature intended to curtail motor vehicle thefts as well as chop shop operations. The statute inhibits both the profit of the illegal stolen car market and the ease with which stolen automobiles and their parts are sold. Likewise, the chop shop statute was specifically intended to prevent profiteering and larcenous activity. *Allay, supra* at 609. Although one statute prohibits conduct that may facilitate theft and the other prohibits profiteering through the sale of stolen property, each statute discour-

[2] Violation of § 415(2), which contains the same elements as § 415(1) plus the element of intent to mislead, is a felony.

ages the theft of property, albeit in a different manner.

Addressing the relationship of the criminal penalties provided for each offense, we note that altering a VIN without intent to mislead is a misdemeanor punishable by imprisonment in the county jail for not more than ninety days, or by a fine of no more than $100, or both. MCL 750.504; MSA 28.772.[3] A first offense under the chop shop statute carries a maximum penalty of five years' imprisonment or $5,000, or both. The primary concern of the chop shop statute was to increase the penalty on a chop shop operator, thereby reducing the economic benefit derived from chop shop ventures. The criminal penalties indicate that the chop shop statute bears a hierarchical relationship to the statute prohibiting alteration of VINs. "In light of the problems posed by chop shops, the Legislature devised enhanced penalties and procedures in an attempt to tailor a specific solution." *Allay, supra* at 611. The multiple convictions for altering VINs and operating a chop shop are inconsistent with the Legislature's intent and, therefore, constitute double jeopardy. Consequently, we vacate the convictions and sentences for altering VINs.

Defendant next contends that the statutory presumption contained in MCL 750.415(3); MSA 28.647(3), that a person in possession of a vehicle or motor vehicle parts with an altered VIN did the alteration, is unconstitutional. The argument raised by defendant was addressed and rejected by this Court in *People v Battle,* 161 Mich App 99, 101; 409 NW2d 739 (1987).[4]

---

[3] Altering a VIN with intent to mislead is punishable by imprisonment for not more than four years or by a fine of no more than $2,000, or both. MCL 750.503; MSA 28.771.

[4] In *Battle,* the defendant was convicted under subsection 2, whereas the defendant herein was convicted under subsection 1.

Defendant also complains that the evidence was insufficient to support seven of his ten convictions of receiving and concealing stolen property because the evidence failed to establish that the property was stolen. Although we disagree, this issue is moot in light of our conclusion that defendant's convictions of receiving and concealing must be vacated.

Defendant also asserts that there was insufficient evidence to support his conviction of operating a chop shop because the evidence failed to establish the presence of three or more stolen parts. We disagree. Evidence was presented that four items were seized from defendant's storage unit and that four other stolen items were seized from defendant's residence.

Lastly, we reject defendant's argument that prosecutorial overcharging coerced the jury into reaching verdicts without deliberating on each count. The prosecutor had wide discretion over what charges to file, and that discretion will not be disturbed absent a showing of clear and intentional discrimination based on an unjustifiable standard such as race, religion, or some other arbitrary classification. *People v Allan,* 158 Mich App 472, 474; 404 NW2d 266 (1987). No such showing was made in this case.

Affirmed in part and reversed in part.

---

Nonetheless, the presumption contained in subsection 3 applies to the entire section.