PEOPLE v GRIFFIS

Docket No. 176702. Submitted June 6, 1996, at Grand Rapids. Decided July 30, 1996, at 9:25 A.M.

Charles Griffis was convicted by a jury in the Detroit Recorder's Court, Robert L. Evans, J., of receiving and concealing stolen property valued over $100 and of concealing or misrepresenting the identity of a motor vehicle with intent to mislead after he was caught driving an automobile that had been rented by an acquaintance, had been reported stolen, and some of whose vehicle identification numbers had been altered. The defendant was sentenced to three years of probation, fined $5,000, and ordered to pay restitution for the conviction of receiving and concealing stolen property and to three years of probation for the conviction of concealing or misrepresenting the identity of a motor vehicle. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion by admitting evidence of the defendant's use of an alias because the defendant was known to the prosecution's witnesses under various names and testimony concerning the defendant's use of those names was necessary to show that the defendant was the person to whom the testimony pertained. Similarly, because several of the documents in issue referred to the defendant by the alias he assumed, evidence pertaining to his alias was also necessary.

2. The record does not substantiate the defendant's claim that evidence of certain prior bad acts was improperly admitted.

3. The trial court did not abuse its discretion in denying the defendant's motion for a mistrial based on the prosecution's introduction of documentary evidence that it made available to the defendant only on the day of trial. Because the trial court granted a continuance to allow the defendant to review the documents before they were introduced, the defendant is unable to show the requisite prejudice.

4. The defendant's convictions of both receiving and concealing stolen property and concealing or misrepresenting the identity of a motor vehicle with intent to mislead do not constitute double jeopardy. The elements of the offenses differ markedly, having not a

single element in common. The statutes governing the offenses prohibit different overt acts and were designed to prohibit behaviors of different natures.

5. The $5,000 fine imposed for receiving and concealing exceeds the $2,500 maximum allowed by the receiving and concealing statute. The judgment must be modified to reduce the fine to $2,500.

6. The defendant's failure to request an evidentiary hearing regarding his ability to make restitution precludes meaningful appellate review of his claim that the restitution ordered was excessive.

Affirmed; fine for receiving and concealing modified to $2,500.

1. CRIMINAL LAW — EVIDENCE — ALIASES.

A trial court does not abuse its discretion in permitting testimony concerning a defendant's use of an alias where the defendant was known to the prosecution's witnesses under various names and testimony concerning the defendant's use of those names was necessary to show that the defendant was the person to whom the testimony pertained.

2. CRIMINAL LAW — MISTRIAL.

A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of a defendant and impairs the defendant's ability to get a fair trial.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

The purpose of double jeopardy protection in the context of multiple punishments for the same offense is to protect a defendant's interest in not enduring more punishment than was intended by the Legislature; this protection is a limitation on the courts and the prosecutors, not on the Legislature's power to define crimes and fix punishments; the determination whether the Legislature intended to authorize cumulative punishment for certain criminal conduct necessarily focuses on the intent of the Legislature (US Const, Am V; Const 1963, art 1, § 15).

4. CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

Considered in determining whether convictions under two criminal statutes constitute double jeopardy are whether the statutes prohibit conduct violative of distinct social norms, the punishments authorized by the statutes, whether the statutes are hierarchical or cumulative, and any other factors indicative of legislative intent (US Const, Am V; Const 1963, art 1, § 15).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting

Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Mary DuFour Morrow*, Assistant Prosecuting Attorney, for the people.

*Glenn A. McCandliss*, for the defendant on appeal.

Before: O'CONNELL, P.J., and SAWYER and G. R. CORSIGLIA,\* JJ.

O'CONNELL, P.J. Defendant appeals as of right his convictions by jury of receiving and concealing stolen property valued over $100, MCL 750.535(1); MSA 28.803(1), and concealing or misrepresenting the identity of a motor vehicle with intent to mislead, MCL 750.415(2); MSA 28.647(2). With respect to the receiving and concealing conviction, defendant was sentenced to three years' probation, fined $5,000, and ordered to pay restitution of $42,160. With respect to the concealing or misrepresenting conviction, defendant was sentenced to three years' probation. We affirm, but modify the fine imposed for defendant's receiving and concealing conviction.

In October 1992, Budget Rent-A-Car of Beverly Hills rented a white, Mercedes-Benz convertible to an acquaintance of defendant. Budget Rent-A-Car did not, generally, rent automobiles to drivers who, like the defendant's acquaintance, were under twenty-five years of age. However, defendant had done business with the owner of the franchise in the past, and upon defendant's request, his acquaintance was allowed to rent the Mercedes.

The Mercedes was reported stolen two days later. In January 1993, defendant purchased a Michigan no-

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

fault automobile insurance policy for the Mercedes. Defendant used the alias of Charles McKinney when purchasing the policy, and presented a California driver's license issued to him in the name of Charles McKinney. Although the Mercedes was that originally rented from Budget Rent-A-Car of Beverly Hills, several of the vehicle identification numbers (VINs) inscribed on various parts of the automobile had been changed.

Through the use of an electronic monitoring device that had been installed previously in the Mercedes, the automobile was eventually located. After trailing the stolen vehicle briefly, the police stopped it. Defendant, who was driving the Mercedes, was arrested.

Subsequent searches of the automobile revealed that both defendant and the vehicle had been disguised. The police discovered documents issued to defendant both under the name Charles Griffis and under his alias, Charles McKinney. Also, while several of the VINs on the Mercedes indicated that it was the vehicle that had been reported stolen, several other VINs, including the "public" VIN mounted on the dashboard, belonged to another vehicle. Testimony at trial suggested that an attempt had been made to mask the identity of the Mercedes.

On appeal, defendant first argues that the trial court abused its discretion in admitting evidence of defendant's use of an alias; evidence, it is contended, that is "totally unrelated to the incident in question." The decision whether to admit or to exclude evidence is within the trial court's discretion, and the court's determination will not be reversed absent an abuse of that discretion. *Samuel D Begola Services, Inc v Wild*

*Bros*, 210 Mich App 636, 642; 534 NW2d 217 (1995). Here, the insurance agent who sold defendant the no-fault automobile insurance policy knew defendant by his alias, Charles McKinney. Thus, as in *People v Pointer*, 133 Mich App 313, 316; 349 NW2d 174 (1984), "because defendant was known to the prosecution's . . . witnesses under various names, testimony concerning defendant's use of those names was necessary to show that defendant was the person to whom the testimony pertained." Similarly, because several of the documents in issue referred to defendant by the alias he assumed, evidence pertaining to his alias was also necessary in this context. Therefore, we find no abuse of discretion. *Begola, supra.*

Second, defendant contends that the court abused its discretion in admitting evidence of certain prior bad acts of defendant. We have reviewed the solitary reference in defendant's brief on appeal to an alleged instance of the introduction of such evidence and find that no such evidence was introduced. While it is possible that such evidence may have been introduced had defense counsel not interposed an objection, defense counsel objected promptly, and, after a discussion off the record, the witness was cautioned and the examination resumed. Therefore, because defendant has directed this Court's attention to no example of the introduction of evidence of prior bad acts, we find no abuse of discretion. *Begola, supra.*

Third, defendant submits that the court abused its discretion in denying defendant's motion for a mistrial. Defense counsel moved for a mistrial following the prosecution's attempt to introduce documentary evidence that it had made available to defendant only on the day of trial. As set forth in *People v Lugo*, 214

Mich App 699, 704; 542 NW2d 921 (1995), "[a] motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial."

In the present case, assuming the prosecution's actions to constitute an irregularity in the proceedings, defendant has failed to demonstrate prejudice. Following defense counsel's motion for a mistrial and a discussion between the parties and the court, defense counsel agreed that any prejudice inhering to defendant would be cured by a "continuance." The court thereupon immediately halted the questioning of the witness through whom the documents would have been introduced, and this witness was not recalled to complete his testimony until the following day. Thus, because defense counsel conceded below that any prejudice would be cured if he were allowed to review the documents before they were introduced, and defense counsel was given the opportunity to review the documents, we conclude that defendant is unable to demonstrate prejudice. Therefore, the court did not abuse its discretion in denying the motion for a mistrial. *Lugo, supra.*

Fourth, defendant argues that his convictions of both receiving and concealing stolen property and concealing or misrepresenting the identity of a motor vehicle with intent to mislead constitute double jeopardy. US Const, Am V; Const 1963, art 1, § 15. In the context of multiple punishments for the same offense, the purpose of double jeopardy protection is to protect the defendant's interest in not enduring more punishment than was intended by the Legislature. *People v Whiteside* 437 Mich 188, 200; 468 NW2d 504 (1991). This protection is a limitation on the courts

and the prosecutors, not on the Legislature's power to define crimes and fix punishments. *People v Bewersdorf*, 438 Mich 55, 72-73; 475 NW2d 231 (1991). Thus, this Court's inquiry when determining whether the Legislature intended to authorize cumulative punishment for certain criminal conduct necessarily focuses on the intent of the Legislature. *People v Price*, 214 Mich App 538, 542; 543 NW2d 49 (1995).

When ascertaining the intent of the Legislature in enacting criminal statutes, this Court has traditionally considered several factors. We look to whether the respective statutes prohibit conduct violative of distinct social norms, the punishments authorized by the statutes, whether the statutes are hierarchical or cumulative, and any other factors indicative of legislative intent. *People v Ayers*, 213 Mich App 708, 718-719; 540 NW2d 791 (1995). Comparison of the elements of the offenses is often a useful tool. *People v Crawford*, 187 Mich App 344, 349; 467 NW2d 818 (1991).

In the present case, we find no double jeopardy violation. The elements of receiving and concealing stolen property and concealing or misrepresenting the identity of a motor vehicle with intent to mislead differ markedly, *having not a single element in common.* See *People v Allay*, 171 Mich App 602, 608; 430 NW2d 794 (1988); MCL 750.415(2); MSA 28.647(2). Further, the crime of receiving and concealing stolen property requires that the property in question be stolen, MCL 750.535; MSA 28.803; *People v Gow*, 203 Mich App 94, 96; 512 NW2d 34 (1993), whereas one may be convicted of misrepresenting the identity of a motor vehicle where one lawfully owns the automobile. MCL 750.415(2); MSA 28.647(2). Thus, as evidenced by the differing elements, the two offenses

prohibit different overt acts, and, as evidenced by the lack of a theft element in the crime of concealing or misrepresenting the identity of a motor vehicle, the offenses were designed to prohibit behaviors of a different nature.

Considering the differing elements in the context of the present defendant's conduct, it is clear that his act of receiving and concealing the stolen Mercedes was entirely distinct from his subsequent act of altering the VIN of the automobile in an attempt to use it as his own automobile. Defendant completed the former offense before he committed even one element of the latter offense. Therefore, defendant was punished once for each criminal act. The pertinent statutes suggest no legislative intent that defendant's fate should have been otherwise.

In arguing that his convictions do, in fact, constitute double jeopardy, defendant relies upon two relatively recent decisions of this Court. In *Allay, supra,* p 607, this Court was called upon to determine whether convictions of both possession of stolen property and operating a chop shop, MCL 750.535a; MSA 28.803(1), constituted double jeopardy. After conducting a thorough inquiry into the Legislature's intent, this Court held in the affirmative. Several years later, in *People v Oxendine,* 201 Mich App 372, 375-376; 506 NW2d 885 (1993), this Court extended the holding of *Allay.* The *Oxendine* panel, ostensibly in reliance on *Allay,* but without addressing the differing elements of the crimes there in issue, concluded that convictions of both altering a vehicle identification number *without* intent to mislead, MCL 750.415(1); MSA 28.647(1), and operating a chop shop constituted double jeopardy.

However, while *Allay* and *Oxendine* are, admittedly, similar to the present case in that both involved similar convictions, neither addresses the precise crimes presently in issue. Therefore, defendant's contention that the present matter is controlled by these decisions is unfounded. Thus, defendant having presented no persuasive argument that his convictions constitute double jeopardy, we affirm those convictions.

Turning to the sentencing component of the proceedings below, defendant argues that the sentencing court imposed an excessive fine upon him with respect to his receiving and concealing stolen property conviction. The receiving and concealing statute provides that one convicted of this offense may be fined "not more than $2,500." MCL 750.535(1); MSA 28.803(1). Here, the court fined defendant $5,000, thereby plainly exceeding its statutory authority. Therefore, we modify the judgment to reflect the imposition of a $2,500 fine.

Finally, defendant contends that the restitution ordered by the sentencing court was excessive in light of his ability to pay. A sentencing court is authorized to order a defendant convicted of a felony to make full or partial restitution to the victim of the defendant's conduct. MCL 769.1a(2); MSA 28.1073(2). Here, the court ordered defendant to pay over $42,000 in restitution, a sum now contended by defendant to be excessive. However, because defendant did not request an evidentiary hearing to determine his ability to pay restitution, we are unable to conduct a meaningful review. Accordingly, defendant, having failed to raise this issue below, has not brought it properly

before this Court. *People v Music*, 428 Mich 356, 361-363; 408 NW2d 795 (1987).

Affirmed. The portion of the judgment imposing a $5,000 fine is modified as set forth above.