PEOPLE v VENTICINQUE

Docket No. 109764. 'Argued November 10, 1998 (Calendar No. 11). Decided December 22, 1998.

Ronald J. Venticinque was charged with felony misrepresentation of the identity of a motor vehicle. The 52nd District Court, Gerald E. McNally, J., refused to bind the defendant over to the circuit court, ruling that the case should go forward as a misdemeanor prosecution. On appeal, the Oakland Circuit Court, Hilda R. Gage, J., reinstated the original felony charge. The Court of Appeals, MacKenzie, P.J., and McDonald and Neff, JJ., denied leave to appeal (Docket No. 173693). The Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 448 Mich 884 (1995). On remand, the Court of Appeals, Jansen, P.J., and Reilly, J. (W. C. Buhl, J., dissenting), reversed in an unpublished opinion per curiam, and remanded to the district court for trial of the misdemeanor charge (Docket No. 184949). The people appeal.

In an opinion by Justice Boyle, joined by Chief Justice Mallett, and Justices Weaver and Taylor, the Supreme Court held:

MCL 750.415; MSA 28.647(2) prohibits the installation of improper parts on a motor vehicle that leads a third party to believe that a legitimate vehicle with legitimate parts is being delivered.

1. MCL 750.415; MSA 28.647 proscribes concealing or misrepresenting the identity of a motor vehicle or a mechanical device by removing or defacing the manufacturer's serial number or engine or motor number, or by replacing a part bearing the serial number or engine or motor number with a new part on which the proper serial number or engine or motor number has not been stamped. Under subsection 415(3) a person who replaces a part of a motor vehicle with an unmarked or improperly marked part will be charged with a felony under subsection 415(2) unless probable cause does not exist to believe that the defendant intended to mislead another with respect to the identity of the motor vehicle. The misdemeanor and felony provisions of subsections 415(1) and (2) are distinguishable only in regard to the intent of the defendant to mislead another regarding the identity of the vehicle. Subsection 415(3) creates a presumption that a defendant intended to mislead

another with respect to the identity of the vehicle. Subsection 415(1) merely provides a charging option to the prosecution and a trial defense to the defendant. The fact that a defendant was in possession of a defaced or altered motor vehicle part allows the defendant to be charged with the felony offense. The "intent to mislead" element of the felony offense is not an opposite alternative of the misdemeanor offense; "intent to mislead" is an additional element that elevates the misdemeanor to a felony. Thus, possession of contraband, i.e., defaced parts, is a prima facie showing of either the felony or the misdemeanor offense.

2. The vehicle in question can be either the source of the part or the vehicle into which the part is later placed. To read the statute otherwise would mean that there is no penalty for replacing proper parts with improper parts as long as the appearance of the vehicle remains the same. It would read out of the statute the language penalizing as a felony replacing a part of the motor vehicle or mechanical device. The identity of the vehicle thus is the sum of its parts, not just its serial number or its appearance.

3. In this case, there was probable cause to believe that the defendant intended to conceal the identity of the parts, and the magistrate abused his discretion in refusing to find that the defendant intended to mislead within the meaning of subsection 415(2). The police found the defendant in possession of the motor vehicle part within the meaning of subsection 415(3). Because the defendant allegedly possessed altered motor vehicle parts, there was sufficient evidence to support a bindover on the felony offense.

Reversed and remanded.

Justice CAVANAGH, joined by Justices BRICKLEY and KELLY, concurring in part and dissenting in part, stated that although the evidence was sufficient to support a bindover on the felony charge, the majority has created a rule contrary to logic and the statute. Subsection 415(3) provides only that, in prosecutions under the section, possession of proscribed contraband is prima facie evidence of violation. There is no reference to whether such possession is evidence of the misdemeanor set forth in subsection 415(1) or the felony in subsection 415(2). It would seem that possession of the contraband must amount to a prima facie showing of the common elements of subsections 415(1) and 415(2)—the elements other than the intent that can raise this offense to the level of a felony. This must be so because the statutory presumption predates the division of the offense into felony and misdemeanor offenses, and because it is not possible that possession can serve as prima facie evidence of two diametrically opposed alternatives.

The felony and misdemeanor statutes can hardly be said to be opposite alternatives. While the majority is technically correct that the absence of an intent to mislead is not an element of the misdemeanor offense, the presence of the intent removes the offense from the class of misdemeanor, and, under the statute, is a contraindication of the misdemeanor. If the intent is present, the offense is a felony. If it is absent, the crime is a misdemeanor. It is impossible for possession of the contraband to simultaneously amount to a prima facie showing of both mutually exclusive possibilities.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Daniel L. Lemisch*, Chief, Appellate Division, and *Thomas R. Grden*, Assistant Prosecuting Attorney, for the people.

*Arthur Jay Weiss* for the defendant-appellee.

Amicus Curiae:

*Norman Donker*, President, *John D. O'Hair*, Prosecuting Attorney, and *Timothy A. Baughman*, Chief, Research, Training and Appeals, for the Prosecuting Attorneys Association of Michigan.

BOYLE, J. The defendant was charged with the felony of misrepresenting the identity of a motor vehicle with intent to mislead, MCL 750.415(2); MSA 28.647(2). At the preliminary examination, the district court dismissed the felony charge and bound the defendant over on the misdemeanor charge of misrepresenting the identity of a motor vehicle without the intent to mislead. The circuit court reversed and remanded to the district court to bind over on the felony charge. The defendant appealed to the Court of Appeals, which denied the application. The defendant then appealed to this Court, and we remanded the case to the Court of Appeals as on leave granted. On remand, the Court of Appeals reversed the circuit

court judgment and remanded to the district court for trial of the misdemeanor charge. We now reverse the decision of the Court of Appeals and remand the case to the circuit court for proceedings consistent with this opinion.

I

In April, 1991, Kenneth Rogers paid the defendant approximately $1,600 to replace the engine and transmission on Mr. Rogers' pick-up truck.[1] After the defendant completed the transmission work, Mr. Rogers inspected his car and the defendant informed him that he had placed a used General Motors "big block" engine in Mr. Rogers' truck. Mr. Rogers then drove his truck for more than one year.

In June, 1992, the police examined Mr. Rogers' pick-up truck and found the identification numbers missing on both the engine and transmission. Mr. Rogers informed the defendant that the police were examining his truck, and the defendant instructed Mr. Rogers to tell the police that he had obtained the engine through a friend at a Detroit tavern. The police confiscated the parts from Mr. Rogers' truck. Sometime thereafter, the defendant installed a new engine in Mr. Rogers' truck at no cost.

The police eventually questioned the defendant regarding the engine. The defendant first told police that he bought the engine at a swap meet in or near Flint. After his arrest, however, the defendant changed his story and informed the police that he had purchased the engine from a Jerry Quarles, who had

---

[1] There has been no trial in this case. The facts are taken from the preliminary examination record.

brought it to the defendant's home on a truck. On that same occasion, the defendant also implied that a Warren Pawdas had completed all the work on Mr. Rogers' truck.

The police subsequently searched the defendant's garage and discovered tools that could have been used to remove the identification number from the engine, as well as numerical and alphabetical stamps that could be used to restamp new identification numbers on the car parts.

II

The statute in question, MCL 750.415; MSA 28.647, provides:

(1) A person who, without the intent to mislead another as to the identity of the vehicle, conceals or misrepresents the identity of a motor vehicle or of a mechanical device, by removing or defacing the manufacturer's serial number or the engine or motor number on the motor vehicle, or by replacing a part of the motor vehicle or mechanical device bearing the serial number or engine or motor number of the vehicle with a new part, upon which the proper serial number or engine or motor number has not been stamped, is guilty of a misdemeanor.

(2) A person who, with the intent to mislead another as to the identity of a vehicle, conceals or misrepresents the identity of a motor vehicle or of a mechanical device, by removing or defacing the manufacturer's serial number or the engine or motor number on the motor vehicle, or by replacing a part of the motor vehicle or mechanical device bearing the serial number or engine or motor number of the vehicle, with a new part, upon which the proper serial number or engine or motor number has not been stamped, is guilty of a felony, and if the person is a licensed dealer the license shall be revoked.

(3) In all prosecutions under this section, possession by a person of a motor vehicle, or of a mechanical device with the manufacturer's serial number or the engine or motor number removed, defaced, destroyed or altered or with a part bearing the number or numbers replaced by one on which the proper number does not appear, shall be prima facie evidence of violation of this section.

As evidenced by the plain language of the statute, the felony and misdemeanor charges are differentiated only by the intent to mislead another regarding the identity of the vehicle. MCL 750.415(1), (2); MSA 28.647(1), (2).

At the preliminary examination, the prosecution presented the testimony of Mr. Rogers and of the investigating officer. After hearing the evidence summarized above, the examining magistrate dismissed the felony charges:

I'm going to make this a misdemeanor. There's no question about it. Now, we did have section one. Section two would be more applicable, but since you have section one, I cannot ignore section one because section one is much closer to the facts as presented to me than section two because Mr. Rogers had no notion that this engine might have a problem, so he couldn't—you have to—if you're going to mislead somebody, there has to be somebody that's being mislead [sic].

The prosecutor appealed, and the circuit court reinstated the felony charge. In its written opinion, the circuit court stated:

In this case defendant admitted to having possessed the engine and transmission. The evidence further showed that the identification numbers had been removed. This is sufficient to establish a prima facie case of either the felony or the misdemeanor under the statute. *People v Coon*, 200

Mich App 244, 246-247 [503 NW2d 746] (1993). Since the prosecutor established a prima facie case of a felony, the magistrate lacked discretion to retain the matter as a misdemeanor. MCL 766.13 [MSA 28.931].

The District Court abused its discretion in reducing the charges in this matter. The District Court is reversed and this matter is remanded for entry of an order of bindover on the felony charge.

On remand by this Court of the defendant's application for leave to appeal,[2] the Court of Appeals reversed, agreeing with the district court that the evidence was insufficient to support a bindover on the felony charge. The majority explained:

> In this case, there is simply no evidence that defendant intentionally attempted to mislead anyone about the identity of a vehicle. The only vehicle in question belonged to Rogers. It belonged to Rogers when he brought it to defendant for repairs, and defendant returned it to Rogers when the repairs were complete. It was not the vehicle itself whose identity defendant attempted to conceal or mislead. Although the evidence suggests that defendant attempted to conceal the illegitimate source of the engine, subsection (2) requires an intent to mislead as to the identity of the *vehicle*. Because the facts of this case do not suggest that defendant in any way intended to mislead anyone with regard to the identity of Rogers' vehicle, defendant could not be bound over for the felony charge proscribed in subsection (2). [Emphasis in the original.]

> The prosecution argues that subsection (3) creates a statutory presumption of defendant's intent to mislead. See *People v Battle*, 161 Mich App 99; 409 NW2d 739 (1987). Even if we assume that the prosecution's argument is correct, the presentation of a prima facie case does not automatically establish probable cause or require that a defend-

---

[2] We remanded the case to the Court of Appeals for consideration as on leave granted. 448 Mich 884 (1995).

ant be bound over for trial. *People v King*, 412 Mich 145; 312 NW2d 629 (1981); *People v Tower*, 215 Mich App 318; 544 NW2d 752 (1996). In light of the evidence presented at the preliminary examination, the district court did not abuse its discretion by binding defendant over on the misdemeanor charge of misrepresenting the identity of a motor vehicle without intent to mislead, MCL 750.415(1); MSA 28.647(1). The circuit court erred in reversing the district court's decision. *People v Brannon*, 194 Mich App 121; 486 NW2d 83 (1992). [Unpublished opinion per curiam, issued May 30, 1997 (Docket No. 184949).]

The dissent took a broader view of the felony element regarding intent to mislead:

> I would agree with the majority if I agreed with the interpretation given "identity of a motor vehicle" in their opinion, and if, like the magistrate, I agreed that it was Mr. Rogers, the truck owner, only, who was the object of the "intent to mislead" required by the statute.
>
> There is little quarrel with the fact that the magistrate properly determined that the evidence demonstrated a prima facie case against defendant. He, admittedly, had possessed the engine and transmission with the numbers removed.
>
> The magistrate found, however, that Rogers was not misled. I disagree, first, that it need be established that he was. Defendant's *intent* is the issue, not his success. Secondly, Rogers was misled by the omission. Defendant did not disclose that he was returning Rogers' truck with replacement parts that would, by Rogers' possession of them, establish a prima facie case that Rogers violated MCL 750.415; MSA 28.647. Rogers certainly did not pay $1,600 to defendant only to have his truck disassembled a year later for confiscation of his engine and transmission, and to suffer the inconvenience of giving up his truck to have defendant again replace those parts.
>
> Rogers was misled as to his truck's identity because the identity of a vehicle is the *sum of its parts*, not just the vehicle identification number (VIN) and appearance of its

body. MCL 750.415; MSA 28.647 has little enforcement value to construe it otherwise.

It is not just the recipient of such parts to which the term "mislead" applies. The purpose of a VIN is to permit proof of ownership, and to allow law enforcement agents to track the same. Isn't the true owner of these defaced parts, as well as the investigating police agency, "misled" when they cannot trace Rogers' engine and transmission? Isn't the whole purpose of the having a VIN to be able to do so?

Using this interpretation as to the legislative purpose and meaning of the terms of MCL 750.415; MSA 28.647, and the prima facie case proven against defendant by evidence of his possession of these parts, the evidence heard by the magistrate does not demonstrate lack of intent, but removes all doubt. Defendant's efforts to get Rogers to lie about the source of the parts, and his conflicting stories as to the origin of them demonstrates that he intended to conceal the true identity and ownership of them, and was not about to allow the police to trace them either.

The prosecutor then applied to this Court for leave to appeal.

III

The Legislature enacted the current language of MCL 750.415; MSA 28.647 in 1978. Before that date, the statute penalized concealment or misrepresentation of a motor vehicle by defacement or removal of the serial or vehicle identification number (VIN) as a misdemeanor and provided that possession of such a vehicle or a mechanical device was prima facie evidence of the violation.[3]

---

[3] MCL 750.415; MSA 28.647, as enacted by 1931 PA 328, states:

Any person who shall conceal or misrepresent the identity of a motor vehicle or of any mechanical device, by removing or defacing the manufacturer's serial number or the engine or motor num-

The 1978 amendments created a felony offense by dividing the first paragraph into a misdemeanor and a felony offense, distinguished by the presence or absence of "the intent to mislead another as to the identity of [the/a] vehicle." The portion of the original provision creating the presumption became subsection 415(3) of the current language.

The latter change led to one of the principal difficulties in interpreting the current statute, that is, whether possession of the described contraband is prima facie evidence of both the felony and the misdemeanor offense or whether it is prima facie evidence only of the misdemeanor offense. We are satisfied that a plain reading of the statute illustrates that possession of the contraband is prima facie evidence of a violation of either subsection 415(1) or 415(2).

IV

The fundamental rule of statutory construction is to discern and give effect to the intent of the Legislature. *Nation v W D E Electric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997). If statutory language is clear and unambiguous, the Legislature must have intended

---

ber on such motor vehicle, or by replacing any part of such motor vehicle or mechanical device bearing the serial number or engine or motor number thereof if any, with a new part, upon which the proper serial number or engine or motor number has not been stamped, shall be guilty of a misdemeanor.

In all prosecutions under this section, possession by any person of any motor vehicle, or of any mechanical device with the manufacturer's serial number or the engine or motor number removed, defaced, destroyed or altered or with a part bearing such number or numbers replaced by one on which the proper number does not appear, shall be prima facie evidence of violation of the provisions of this section.

the meaning it expressed, and the statute must be enforced as written. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996).

Subsection 415(3) provides that "[i]n all prosecutions under this section" possession of an altered motor vehicle part is prima facie evidence of a violation of the section. In other words, subsection 415(3) creates a presumption that the defendant intended to mislead another with respect to the identity of the vehicle. Subsection 415(1) merely provides a charging option to the prosecution and a trial defense to the defendant. The fact that a defendant was in possession of a defaced or altered motor vehicle part allows the defendant to be charged with the felony offense.[4]

We have repeatedly recognized that the decision whether to bring a charge and what charge to bring lies in the discretion of the prosecutor. *People v Johnson*, 427 Mich 98, 113; 398 NW2d 219 (1986); *People v Ford*, 417 Mich 66, 91-93; 331 NW2d 878 (1982) (there is no abuse of prosecutorial discretion where there is a choice of charging larceny in a building [a felony] or general larceny [a misdemeanor] for the same act); *Genesee Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 121-122; 215 NW2d 145 (1974) (the prosecutor has discretion to charge a greater, rather than a lesser-included, offense); *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683-684; 194 NW2d

---

[4] The Court of Appeals so held in *People v Battle*, 161 Mich App 99, 101; 409 NW2d 739 (1987) (subsection 415[3] creates a statutory presumption of the defendant's intent to mislead); *People v Coon*, 200 Mich App 244, 246-247; 503 NW2d 746 (1993) (TAYLOR, J.) (a defendant's possession of vehicles with engines from which the serial numbers were removed or altered is prima facie evidence that a felony was committed); *People v Oxendine*, 201 Mich App 372, 376, n 4; 506 NW2d 885 (1993) (the presumption contained in subsection 415[3] applies to the entire section).

693 (1972) (the choice of the statute under which to prosecute is an executive function properly exercised in general by the prosecutor, not the court). For purposes of a bindover, all that is required is probable cause to believe that a crime was committed.[5] Subsection 415(3) provides that if a person replaces a part of a motor vehicle with an unmarked or improperly marked part, he will be charged with a felony under subsection 415(2) unless probable cause does not exist to believe that the defendant intended to mislead another with respect to the identity of the motor vehicle. If the defendant is bound over on the felony offense and at trial the intent to mislead cannot be proven beyond a reasonable doubt, the defendant obviously can be convicted only of the misdemeanor offense.

The evident purpose of the statute is to curtail motor vehicle theft by facilitating the prosecution of such cases. The misdemeanor and felony provisions of subsections 415(1) and (2) are distinguishable only in regard to the intent of the defendant to mislead another regarding the identity of the vehicle. The presumption of subsection 415(3) applies to the entire section. To hold that the misdemeanor and felony offenses of subsections 415(1) and (2) are opposite alternatives because of the absence or presence of an "intent to mislead" is in direct conflict with legislative intent. The absence of an "intent to mislead" is not an

---

[5] MCR 6.110(E) provides in part:

If, after considering the evidence, the court determines that probable cause exists to believe both that an offense not cognizable by the district court has been committed and that the defendant committed it, the court must bind the defendant over for trial.

element of the misdemeanor offense. In other words, the "intent to mislead" element of the felony offense is not an opposite alternative of the misdemeanor offense; "intent to mislead" is an additional element that elevates the misdemeanor to a felony. We read the statute as written and hold that possession of the contraband is a prima facie showing of either the felony or the misdemeanor offense. MCL 750.415(3); MSA 28.647(3).

V

The statute also presents a second question of interpretation regarding the interpretation of the phrase "identity of the vehicle" within the meaning of subsections 415(1) and (2).

Having set forth at length the respective views of the majority and the dissent regarding the meaning of this element, and the nature of the deception that must have been intended, we hold that the common-sense reading of the statute is that the vehicle in question can be either the source of the part or the vehicle into which the part is later placed. Although the dissenting opinion in the Court of Appeals does not say this in so many words, we believe this is the import of the dissenter's question, "Isn't the true owner of these defaced parts, as well as the investigating police agency, 'misled' when they cannot trace Rogers' engine and transmission?" To read the statute otherwise would mean that there is no penalty for replacing proper parts with improper parts as long as the appearance of the vehicle remains the same. If such a view were adopted, then the evident legislative purpose to deter "chop shop" operations would be undermined because the felony offense could be

made out only if so many parts were replaced that the vehicle in question was no longer recognizable. Further, it would impermissibly read out of the statute the language penalizing as a felony "replacing a part of the motor vehicle or mechanical device."

The identity of the vehicle is thus the sum of its parts, not just its serial number or its appearance. In short, the defendant may have intended to mislead another regarding the identity of the vehicle in question or the identity of the vehicle from which the part was taken. The statute prohibits the installation of improper parts that lead a third party to believe that a legitimate vehicle with legitimate parts is being delivered, which is exactly what occurred here. The defendant instructed Mr. Rogers to lie about the source of the parts and told the police conflicting stories concerning the origin of the parts. Taken together, the evidence demonstrates there was probable cause to believe that the defendant intended to conceal the identity of the parts. Considering that the vehicle is the sum of its parts, the magistrate abused his discretion when he refused to find that the defendant intended to mislead within the meaning of subsection 415(2).

VI

Finally, the police found the defendant in "possession" of the motor vehicle part within the meaning of subsection 415(3). As explained above, the vehicle in question is either the source of the part or the vehicle itself. Because the defendant allegedly "possessed" altered motor vehicle parts, there was sufficient evidence to support a bindover on the felony offense. The defendant argues that there is no evidence that

the serial numbers were missing at the time he possessed the parts and that the statutory presumption in subsection 415(3) applies only against Mr. Rogers, who possessed the parts when the police discovered the altered parts. However, the evidence shows that Mr. Rogers had no knowledge that the engine even had a serial number, and his testimony shows that he simply drove the truck with the parts that the defendant installed, without doing any mechanical work himself. From this testimony, the factfinder could infer that Mr. Rogers did not remove the serial numbers and that they were missing at the time the defendant possessed the parts. This evidence, combined with the testimony that the defendant possessed materials for removing serial numbers and stamping new false numbers on the parts, supports the circuit court's decision that there was probable cause to believe that the defendant "possessed" the defaced parts with the intent to mislead.

VII

For the reasons stated, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court. We remand this case to the circuit court for proceedings consistent with this opinion.

MALLETT, C.J., and WEAVER and TAYLOR, JJ., concurred with BOYLE, J.

CAVANAGH, J. (*concurring in part and dissenting in part*). While I concur with parts I, II, V, and VI of the majority's reasoning, and, for the reasons outlined below, with the resulting reversal of the decision of the Court of Appeals, I am compelled to dissent from parts III, IV, and VII of the majority's opinion, because I

find the majority's reasoning to be ill-grounded and contrary to the statute itself. While I agree that the evidence was sufficient to support a bindover on the felony charge, I believe the majority has created a rule contrary to logic and the statute, and that there is neither the need nor a reason to support such an endeavor.

I

The majority correctly analyzes the history of this statute, noting that the 1978 amendment divided the first paragraph of the former statute to create both a misdemeanor and felony offense, distinguished by the presence or absence of an intent to mislead. The language which is now subsection 415(3), however, was not changed in the least, and bears no reference to either the felony or the misdemeanor charge. Indeed, there were no changes at all to this subsection, other than its renumbering. Thus subsection 415(3) only states that, "[i]n all prosecutions under this section," possession of the described contraband "shall be prima facie evidence of violation of this section." There is no reference to whether such possession is evidence of the misdemeanor contained in subsection 415(1) or the felony contained in subsection 415(2).

It would seem then that possession of the contraband must amount to a prima facie showing of the common elements of subsections 415(1) and 415(2)—the elements other than the intent that can raise this offense to the level of a felony. This must be so because the statutory presumption here predates the division of the offense into felony and misdemeanor offenses, and because it is not possible that possession can serve as prima facie evidence of two diamet-

rically opposed alternatives—that one did or did not
have "the intent to mislead another as to the identity
of a vehicle."

II

The majority states that "[t]o hold that the misde-
meanor and felony offenses of subsections 415(1) and
(2) are opposite alternatives because of the absence
or presence of an 'intent to mislead' is in direct con-
flict with legislative intent."[1] Such reasoning miscon-
strues the analysis above. The felony and misde-
meanor statutes, with all elements save one being
common to both offenses, can hardly be said to be
"opposite alternatives." The presence or absence of
any particular condition, whether it be light or dark-
ness, pregnancy or lack thereof, or intent or no
intent, is, however, mutually exclusive. Prima facie
evidence refers to evidence sufficient on its face to
establish a given fact.[2] It remains, to my mind, impos-
sible for something, on its face, to establish that it is
indeed simultaneously both day and night.

---

[1] *Ante* at 101.

One might also wonder about an assertion of a "direct conflict" with
legislative intent regarding a subsection created before this division, and
left unchanged when the Legislature amended this section. Certainly, at
the time this subsection was originally enacted, the Legislature lacked any
sort of intent whatsoever toward a felony/misdemeanor division that did
not yet exist. Whether some other intent came to be expressed when it
amended the other subsections, but did not change the one in question,
seems, at best, to be a question that could be answered only by inference.
While that might be possible, resolving the question with the degree of
certainty the majority claims to have seems much less so.

[2] Prima facie evidence. Evidence good and sufficient on its face.
Such evidence as, in the judgment of the law, is sufficient to estab-
lish a given fact, or the group or chain of facts constituting the
party's claim or defense, and which if not rebutted or contradicted,
will remain sufficient. [Black's Law Dictionary (6th ed), p 1190.]

While the majority is technically correct in stating "[t]he absence of an 'intent to mislead' is not an element of the misdemeanor offense,"[3] the presence of such an intent removes the offense from the class of a misdemeanor, and, under the statute, is a contra-indication of the misdemeanor. Thus, if such intent is present, the offense is a felony. If it is absent, the crime is a misdemeanor. And, in any event, it is one or the other. The subsections defining the offenses use the terms "with" and "without." It is impossible for possession of the contraband to simultaneously amount to a prima facie showing of both these two mutually exclusive possibilities.[4]

### III

While I cannot join the majority's strained reading of this section, I nonetheless believe that the circuit court was correct, and that the defendant should have been bound over on the felony charge. His possession of an engine and transmission from which the serial numbers had been removed was prima facie evidence of a violation of the statutory section, i.e., evidence of all but the felony intent element. In addition, feloni-

---

[3] *Ante* at 101-102.

[4] The majority also states that subsection 415(1) (the misdemeanor subsection) "merely provides a charging option to the prosecution and a trial defense to the defendant." *Ante* at 100. I find this a curious way to refer to a statute which, itself, defines a specific offense. Certainly, given the facts of a case, a prosecutor might, in his discretion, elect to charge either of the crimes defined in this section if he believes probable cause to do so exists, but it seems clear that the statute defines two discrete offenses, rather than merely an offense and a lesser "charging option" for the prosecutor. Indeed, the felony subsection clearly aims to deal with those who would knowingly traffic in or possess such goods with fraudulent intent, where, as the effect of the misdemeanor subsection is to make all such goods contraband (when read in conjunction with subsection 415[3]), and prohibit their creation, regardless of intent.

ous intent may be inferred from all the circumstances, including the defendant's three separate stories regarding the source of the engine, his attempt to induce Mr. Rogers to lie to the police regarding the source of the engine, particularly when combined with his replacement of the engine seized by the police at no charge, and, on these facts, his possession of materials for removing a serial number and restamping a new false number. In sum, these facts serve as evidence that the defendant had an intent to mislead with respect to the identity of a vehicle at the time this transaction took place in April 1991.

Accordingly, I join the majority in reversing the judgment of the Court of Appeals, and reinstating the judgment of the circuit court, but, as noted above, dissent in part from the rationale the majority subscribes to.

BRICKLEY and KELLY, JJ., concurred with CAVANAGH, J.