Whitbeck, P.J.
 

 A jury found defendant guilty of burning personal property over $50 in value, MCL 750.74; MSA 28.269, and malicious destruction of personal property over $100 in value, MCL 750.377a; MSA 28.609(1). The trial court sentenced defendant to
 
 *301
 
 thirty-two to forty-eight months in prison for each conviction. Those sentences were then vacated and defendant received an enhanced sentence of five to fifteen years’ imprisonment as a fourth-offense habitual offender pursuant to MCL 769.12; MSA 28.1084. Defendant appeals as of right and argues that his convictions of both burning personal property over $50 and malicious destruction of property over $100 violate the constitutional protections against double jeopardy and that his conviction as a fourth-offense habitual offender must be vacated because the prosecutor failed to file a proof of service of the notice of enhancement as required by statute. We reject both these claims and affirm.
 

 I. BASIC FACTS
 

 Defendant was charged in connection with the destruction in April 1996 of a car owned by the complainant and parked in front of the complainant’s residence at 6660 Otis in Detroit. 6660 Otis is across the street from the residence of the complainant’s father and next door to the residence of defendant’s father and, apparently, there was a longstanding dispute between the complainant’s father and defendant’s father. The complainant testified at trial that her car was firebombed. According to her testimony, in the evening of the day in question, the complainant looked out the window of her residence and saw defendant next to her car. The complainant testified that she saw defendant’s hand make a downward motion, heard a “pop” noise, and then saw that her car was on fire. The complainant’s father also testified at trial that he observed defendant make a motion with his hands, following which he heard a
 
 *302
 
 “boom” and saw flames. Defendant presented several alibi witnesses whose testimony indicated that defendant was at the home of his brother at the time of the incident. However, the jury convicted defendant of both the charged offenses, and the trial court sentenced him as outlined above.
 

 H. STANDARD OF REVIEW
 

 A. DOUBLE JEOPARDY
 

 “A double jeopardy issue constitutes a question of law that is reviewed de novo on appeal.”
 
 People v Lugo,
 
 214 Mich App 699, 705; 542 NW2d 921 (1995). Defendant failed to raise this issue below. However, this Court may still consider the issue because it involves a significant constitutional question,
 
 id.
 

 B. FILING OF PROOF OF SERVICE
 

 Whether defendant’s right to due process was violated is a question of law. This Court reviews questions of law de novo.
 
 People v Connor,
 
 209 Mich App 419, 423; 531 NW2d 734 (1995). Defendant failed to raise this issue below. Because defendant is claiming that his right to due process was violated, this Court may review the issue to the extent that it involves a significant constitutional question.
 
 Lugo, supra
 
 at 705.
 

 m. STATUTORY PROVISIONS
 

 A. BURNING OF PERSONAL PROPERTY OVER $50
 

 MCL 750.74; MSA 28.269 (the burning of personal property statute) provides:
 

 Any person who wilfully and maliciously
 
 bums
 
 any personal property, other than that specified in the preceding sections,
 
 owned by himself or another
 
 shall, if the value of
 
 *303
 
 the personal property burned or intended to be so burned be $50.00 or less, be guilty of a misdemeanor. If the value of the personal property burned or intended to be so burned be more than $50.00, such person shall be guilty of a felony. [Emphasis supplied.]
 

 B. MALICIOUS DESTRUCTION OF PERSONAL PROPERTY OVER $100
 

 MCL 750.377a; MSA 28.609(1) (the malicious destruction of personal property statute) provides:
 

 Any person who shall wilfully and maliciously
 
 destroy
 
 or
 
 injure
 
 the personal property
 
 of another,
 
 by any means not particularly mentioned or described in the preceding section, if the damage resulting from such injury shall exceed $100.00, shall be guilty of a felony. If the damage done shall be $100.00 or less, such person shall be guilty of a misdemeanor. [Emphasis supplied.]
 

 IV. CONSTITUTIONAL PROVISIONS
 

 A. DOUBLE JEOPARDY
 

 (1) UNITED STATES CONSTITUTION
 

 US Const, Am V provides:
 

 No person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb ....
 

 (2) MICHIGAN CONSTITUTION
 

 Const 1963, art 1, § 15 provides:
 

 No person shall be subject for the same offense to be twice put in jeopardy ....
 

 B. DUE PROCESS
 

 (1) UNITED STATES CONSTITUTION
 

 US Const, Am XTV, § 1 provides:
 

 
 *304
 
 No State shall . . . deprive any person of life, liberty, or property, without due process of law ....
 

 (2) MICHIGAN CONSTITUTION
 

 Const 1963, art 1, § 17 provides:
 

 No person shall be . . . deprived of life, liberty or property, without due process of law. . . .
 

 V. DOUBLE JEOPARDY
 

 A. INTRODUCTION
 

 We hold that defendant’s convictions of burning personal property over $50 and malicious destruction of personal property over $100 did not violate the constitutional protections against double jeopardy. By way of introduction, we note that the double jeopardy provisions of the federal and state constitutions, US Const, Am V; Const 1963, art 1, § 15, ensure that a defendant’s total punishment does not exceed that authorized by the Legislature.
 
 Lugo, supra
 
 at 705-706.
 

 This protection is a limitation on the courts and the prosecutors, not on the Legislature’s power to define crimes and fix punishments. Thus, this Court’s inquiry when determining whether the Legislature intended to authorize cumulative punishment for certain criminal conduct necessarily focuses on the intent of the Legislature.
 

 When ascertaining the intent of the Legislature in enacting criminal statutes, this Court has traditionally considered several factors. We look to whether the respective statutes prohibit conduct violative of distinct social norms, the punishments authorized by the statutes, whether the statutes are hierarchical or cumulative, and any other factors indicative of legislative intent. Comparison of the elements of the offenses is often a useful tool.
 
 [People v Griffis,
 
 218 Mich App 95, 100-101; 553 NW2d 642 (1996) (citations omitted).]
 

 
 *305
 
 We note in this regard that the Double Jeopardy Clause of the United States Constitution actually protects against two separate transgressions.
 
 North Carolina v Pearce,
 
 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969). The first is a protection against “multiple punishment,” i.e., being punished more than once for the same offense. See
 
 Brown v Ohio,
 
 432 US 161, 165; 97 S Ct 2221; 53 L Ed 2d 187 (1977). The second is a protection against “successive prosecution,” i.e., being prosecuted a second time for the same offense after acquittal.
 
 Id.,
 
 citing
 
 United States v Jom,
 
 400 US 470, 479; 91 S Ct 547; 27 L Ed 2d 543 (1971) (plurality opinion). The courts in Michigan have observed a similar categorization. See
 
 People v Robideau,
 
 419 Mich 458, 484; 355 NW2d 592 (1984). Here, we are clearly dealing with the first category and we must therefore address the question whether the burning of personal property statute and the malicious destruction of personal property statute provide for multiple punishments for the same offense.
 

 B. THE
 
 BLOCKBURGER
 
 TEST
 

 Defendant cites
 
 United States v Dixon,
 
 509 US 688; 113 S Ct 2849; 125 L Ed 2d 556 (1993), for the proposition that the test for multiple punishment is whether the two charges contain the “same elements.” This “same elements” test was most concretely articulated in
 
 Blockburger v United States,
 
 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), and is often, therefore, referred to as the
 
 “Blockburger
 
 test.” See
 
 Dixon, supra
 
 at 696-697. In pertinent part,
 
 Block-burger
 
 involved charges of violations of the Harrison Narcotic Act, 26 USC 696. The third count of the indictment in question charged a sale of eight grains
 
 *306
 
 of a drug “not in or from the original stamped package” while the fifth count charged that sale also as having been “made not in pursuance of a written order of the purchaser” as required by the statute. Citing
 
 Gavieres v United States,
 
 220 US 338, 342; 31 S Ct 421; 55 L Ed 489 (1911), the United States Supreme Court articulated the following rule:
 

 The applicable rale is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
 
 [Blockburger, supra
 
 at 304]
 

 We are puzzled by defendant’s reliance on
 
 Dixon
 
 and, thus implicitly, on
 
 Blockburger.
 
 First, the
 
 Blockburger
 
 test does not work to defendant’s benefit. The burning of personal property charge in this case required proof of “burning,” e.g., the malicious use of fire, that the malicious destruction of personal property charge simply did not. Thus, the two offenses did
 
 not
 
 share the same elements under
 
 Blockburger,
 
 the burning of personal property charge required proof of an additional fact—burning—that the malicious destruction of personal property charge did not. Further, the Michigan Supreme Court abandoned the
 
 Blockburger
 
 test insofar as the Michigan Constitution is concerned in
 
 Robideau, supra. Robideau
 
 involved convictions in a single trial of both first-degree criminal sexual conduct under MCL 750.520b(l)(c); MSA 28.788(2)(l)(c) (penetration under circumstances involving any “other felony”) and the underlying “other felony.” The Court, citing
 
 Brown, supra,
 
 noted that where multiple punishments are involved, the Double Jeopardy Clause acts as a restraint on the prosecutor and the
 
 *307
 
 courts, not the Legislature.
 
 Robideau, supra
 
 at 469. The Court then returned to this theme when articulating its holding concerning the
 
 Blockburger
 
 test:
 

 Different interests are involved when the issue is purely one of multiple punishments, without the complications of a successive prosecution. The right to be free from vexatious proceedings simply is not present. The only interest of the defendant is in not having more punishment imposed than that intended by the Legislature. The intent of the Legislature, therefore, is determinative. Under neither the federal nor the Michigan double jeopardy provisions does this Court sit as a superlegislature, instructing the Legislature on what it can make separate crimes. As previously described, prior decisions of this Court have applied a factual test in single-trial multiple-punishment cases, creating areas in which arguably the Legislature cannot now act. To the extent that those decisions interpret the prohibition against double jeopardy as a substantive limitation on the Legislature, we now disavow them.
 

 We are therefore left only with the question of what the Legislature intended in cases such as those at bar. As a means of determining that end, we find the
 
 Blockburger
 
 test to have questionable status in the Supreme Court of the United States and find the propriety of its use in any case to be questionable. When applied in the abstract to the statutory elements of an offense, it merely serves to identify true lesser included offenses. While it may be true that the Legislature ordinarily does not intend multiple punishments when one crime is completely subsumed in another,
 
 Block-burger
 
 itself is of no aid in making the ultimate determination. Although its creation of a presumption may make a court’s task easier, it may also induce a court to avoid difficult questions of legislative intent in favor of the wooden application of a simplistic test.
 

 Because
 
 Blockburger
 
 was developed to deal with situations where an identifiable single act falls under the coverage of two statutes, it is even less helpful when applied to a compound crime. In these crimes, the Legislature has inten
 
 *308
 
 tionally converted what would normally be two discrete acts into one legislatively created “act.”
 

 The difficulties with the
 
 Blockburger
 
 test lead us to the conclusion that it should be abandoned. The United States Supreme Court has declared that it is but a test of statutory construction and not a principle of constitutional law.
 
 Missouri v Hunter
 
 [459 US 359; 103 S Ct 673; 74 L Ed 2d 535 (1983)]. Indeed, it would be quite contrary to established principles of federalism for the United States Supreme Court to impose on the states the method by which they must interpret the actions of their own legislatures. We, therefore, find it within our power to reject the
 
 Blockburger
 
 test, preferring instead to use traditional means to determine the intent of the Legislature: the subject, language, and history of the statutes.
 
 [Robideau, supra
 
 at 485-486.]
 

 The Court went on to provide guidelines for determining legislative intent:
 

 Statutes prohibiting conduct that is violative of distinct social norms can generally be viewed as separate and amenable to permitting multiple punishments. A court must identify the type of harm the Legislature intended to prevent. Where two statutes prohibit violations of the same social norm, albeit in a somewhat different manner, as a general principle it can be concluded that the Legislature did not intend multiple punishments. . . .
 

 A further source of legislative intent can be found in the amount of punishment expressly authorized by the Legislature. Our criminal statutes often build upon one another. Where one statute incorporates most of the elements of a base statute and then increases the penalty as compared to the base statute, it is evidence that the Legislature did not intend punishment under both statutes. The Legislature has taken conduct from the base statute, decided that aggravating conduct deserves additional punishment, and imposed it accordingly, instead of imposing dual convictions.
 

 We do not intend these principles to be an exclusive list. Whatever sources of legislative intent exist should be considered. If no conclusive evidence of legislative intent can
 
 *309
 
 be discerned, the rale of lenity requires the conclusion that separate punishments were not intended.
 
 [Id.
 
 at 487-488.]
 

 With this clear abandonment of the
 
 Blockburger
 
 test for state constitutional purposes in mind,
 
 [1]
 
 we are somewhat surprised that defendant, through his citation of
 
 Dixon,
 
 appears to be suggesting that we should reinstate it for such purposes on our own initiative. We decline that invitation; rather, below, we analyze the statutes and pertinent case law to ascertain legislative intent.
 

 We also are puzzled by another aspect of defendant’s citation of
 
 Dixon.
 
 Defendant appears to suggest that the same
 
 conduct
 
 underlay his convictions of both burning personal property and malicious destruction of personal property. The “same conduct” test was articulated by the United States Supreme Court in
 
 Grady v Corbin,
 
 495 US 508; 110 S Ct 2084; 109 L Ed 2d 548 (1990), but then was expressly and explicitly overruled in
 
 Dixon.
 
 See
 
 Dixon, supra
 
 at 703.
 

 C.
 
 JOHNSON
 
 AND
 
 AYERS
 

 Defendant contends that there is no clear legislative intent to allow for two convictions, one under the burning of personal property statute and the other under the malicious destruction of personal property
 
 *310
 
 statute, and as such the rule of lenity applies, stating that “[t]his precise point was decided by this Court in
 
 People v
 
 Johnson,” 176 Mich App 312, 314-315; 439 NW2d 345 (1989). Again, we are more than a little puzzled by defendant’s argument.
 
 Johnson
 
 involved multiple convictions, one for larceny over $100, MCL 750.356; MSA 28.588, and the other for possession of stolen property over $100, MCL 750.535; MSA 28.803. The
 
 Johnson
 
 panel explicitly relied on
 
 Robideau
 
 to examine the issue whether the Legislature intended to authorize multiple punishment under different statutes for a single criminal transaction and utilized two criteria from
 
 Robideau-.
 
 whether each statute prohibits conduct violative of a social norm distinct from that norm protected by the other statute and whether the statutes are hierarchical or cumulative in nature, i.e., “whether the statute prohibiting the greater offense incoiporates most of the elements of the base statute and builds on that less serious offense by requiring a showing of some aggravating conduct or factor, which is thereby punished more harshly than the offense prohibited by the base statute.”
 
 Johnson,
 
 at 314.
 

 The
 
 Johnson
 
 panel went on to find that each of the two statutes at issue in that case “prohibits conduct which violates the same social norm: theft of property.”
 
 Id.
 
 The
 
 Johnson
 
 panel then concluded that “[defendant could have been charged and convicted under either statute for this theft, but not under both of them.”
 
 Id.
 
 at 315. Defendant here argues, apparently by analogy, that there was a single “burning” that makes up an element of both the burning of personal property statute and the malicious destruction of personal property statute. This argument is simply
 
 *311
 
 specious. The burning of personal property statute deals with the “burning” of personal property; the malicious destruction of personal property statute deals with the destruction or injury of personal property. While destruction or injury can certainly be accomplished through “burning,” manifestly they need not be. On their face, therefore, the two statutes do not deal with the same elements. In essence, defendant’s argument deals not with the elements of the two statutes but rather with his own conduct, i.e., his “burning” of the complainant’s car. This is precisely the “same conduct” test expressly and explicitly overruled in
 
 Dixon.
 

 We believe that the much closer analogy is to this Court’s decision in
 
 People v Ayers,
 
 213 Mich App 708, 716-721; 540 NW2d 791 (1995), a case not even mentioned by defendant and one that, unlike
 
 Johnson,
 
 is binding on us. See MCR 7.215(H)(1). The
 
 Ayers
 
 panel held the defendant’s convictions of both burning a dwelling (also referred to as “arson”), MCL 750.72; MSA 28.267, and burning insured property, MCL 750.75; MSA 28.270, did not violate the principle of double jeopardy. The two statutes were held to prohibit conduct affecting distinct social norms.
 
 Ayers,
 
 at 720. One statute protected habitations, while the other prevented fraud.
 
 Id.
 
 While the arson statute protected persons who would be endangered by fires in dwelling houses, the statute proscribing the burning of insured property protected insurers from fraud.
 
 Id.
 
 The
 
 Ayers
 
 panel relied in part on the differing elements of the two offenses in determining that distinct social norms were protected by the two statutes.
 
 Id.
 
 at 720-721.
 

 
 *312
 
 Here, defendant’s multiple punishments did not violate double jeopardy protections because the two offenses in question also protect distinct social norms. It is clear from the language of the statutes that the prosecution must adduce different evidence to prove each offense and that the Legislature intended to protect a different class of persons. The malicious destruction of personal property statute proscribes the wilful and malicious destruction or injuiy of the personal property
 
 of another, by any means.
 
 By contrast, the burning of personal property statute prohibits a person from wilfully and maliciously
 
 burning any
 
 personal property,
 
 whether owned by himself or another.
 

 It is clear from the differing elements in each statute that the Legislature intended to protect distinct, social norms. The malicious destruction of personal property statute serves to protect the personal property of persons other than the defendant,
 
 regardless
 
 of the manner in which the property is destroyed. The burning of personal property statute, however, protects against the setting of fires to destroy personal property,
 
 regardless
 
 of whether the property is owned by the defendant or by someone else. While the former statute protects personal property, the latter proscribes the use of fire to bum any personal property.
 

 It is clear that the malicious use of fire is a danger to society
 
 regardless
 
 of whose property is being burned. The Legislature has therefore protected a different class of persons by each statute. While the malicious destruction of personal property statute protects the owner of the property, the burning of personal property statute protects anyone who may
 
 *313
 
 be endangered by the malicious use, and possible spread, of fire. In the instant case, for example, the malicious destruction of personal property statute protected the owner of the property, i.e., the complainant, while the burning of personal property statute protected anyone who may have been endangered by the defendant’s use of fire to destroy the complainant’s car. See, also,
 
 People v Peerenboom,
 
 224 Mich App 195, 200; 568 NW2d 153 (1997) (attempted murder statute, which protects against intentional killing, protects a social norm distinct from that protected by the statute prohibiting placement of explosives with intent to destroy, throw down, or injure property, which protects against unintended or intended harm to people).
 

 Moreover, “the statutes do not involve a hierarchy of offenses, i.e., a situation where one statute incorporates most of the elements of a base statute and then increases the penalty based on the presence of aggravating conduct.” Ayers,
 
 supra
 
 at 721. Rather, the two statutes are aimed at protecting distinct social norms. One statute prohibits the use of fire to destroy personal property owned by the defendant or another, while the other statute prohibits the use of any means to destroy or injure another’s personal property. It is therefore clear that the Legislature intended to permit cumulative punishment for the type of conduct in which defendant engaged. We conclude that defendant’s multiple punishments do not violate the principle of double jeopardy.
 

 VI. FILING OF PROOF OF SERVICE
 

 We hold that defendant’s right to due process was not violated when the prosecution failed to file a
 
 *314
 
 proof of service of its notice of intent to enhance defendant’s sentence. The sum total of defendant’s argument is as follows:
 

 MCL 769.13(2) [MSA 28.1085(2)] requires that where the prosecutor has filed a notice of enhancement of sentence, “the prosecuting attorney shall file a written proof of service with the clerk of the court.” No proof of service is in the court file. Failure to strictly follow the requirements of this statute, which has no precedent in common law, violates the Defendant’s right to due process under both the Michigan and US Constitutions, Mich Const 1963, Art 1, Section 17; V, IVX [sic] Am., US Const, and Defendant’s sentence under this statute should be vacated.
 

 There is no question that MCL 769.13(2); MSA 28.1085(2), provides that the prosecution shall file in the lower court a written proof of service of its notice of intent to seek an enhanced sentence. Here, no such proof of service is contained in the lower court file. Even if we were to assume, however, that the prosecution failed to file the proof of service (as opposed to the alternative explanation that the trial court clerk failed to place the proof of service in the file), defendant has offered no reason whatsoever for us to find that he is entitled to a reversal of his convictions.
 

 In particular, defendant asserts in a conclusory fashion that his right to due process was violated by the prosecution’s failure to file a proof of service. Defendant has cited, and we have located, no authority whatsoever to support such a proposition. In any event, reversal is not warranted on the basis of this issue because any error was harmless beyond a reasonable doubt.
 
 People v Graves,
 
 458 Mich 476, 482; 581 NW2d 229 (1998). Defendant makes no claim that he did not receive the notice of intent to enhance.
 
 *315
 
 Indeed, defense counsel admitted at the sentencing hearing that the notice of intent had been received; defendant simply contends that the proof of service was not filed with the lower court. If true, this in no way prejudiced defendant’s ability to respond to the habitual offender charge.
 

 Affirmed.
 

 Griffin, J., concurred.
 

 Cavanagh, J. I concur in the result only.
 

 [1]
 

 While
 
 Robideau
 
 may indicate otherwise, under more recent case law,
 
 Blockburger
 
 remains applicable in determining the Legislature’s intent regarding multiple punishment for purposes of the federal Double Jeopardy Clause.
 
 People v Denio,
 
 454 Mich 691, 707; 564 NW2d 13 (1997). It is unclear whether defendant predicates his argument only on the state Double Jeopardy Clause or on both the federal and state Double Jeopardy Clause. In any event, it is immaterial whether defendant intends to invoke the federal Double Jeopardy Clause, because
 
 Blockburger
 
 does
 
 not
 
 work to his benefit.