# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 27, 2018

Plaintiff-Appellee,

v

No. 337917
Kent Circuit Court
LC No. 13-004018-FH

TOM ANTHONY WILLINGHAM,

Defendant-Appellant.

Before: MURPHY, P.J., and O'CONNELL and BECKERING, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a) (victim under 13 years of age). He was sentenced, as a third-offense habitual offender, MCL 769.11, to 5 to 30 years' imprisonment. On appeal, this Court affirmed defendant's conviction. *People v Willingham*, unpublished per curiam opinion of the Court of Appeals, issued August 18, 2015 (Docket No. 321586). Defendant, acting pro se, filed a late application for leave to appeal with our Supreme Court, which was rejected. Subsequently, defendant filed a motion for relief from judgment in the trial court pursuant to MCR 6.500 *et seq.*, raising multiple arguments, including a claim that trial and appellate counsel were ineffective for not challenging the prosecution's failure to file a written proof of service (POS) relative to providing a habitual offender notice as required by MCL 769.13. Defendant contended that the failure to comply with the statute prohibited any enhancement of his sentence. The trial court denied the motion and, with respect to the POS-habitual-offender issue, the court found no due process violation and that, regardless, any error was harmless beyond a reasonable doubt. This Court granted, in part, defendant's application for leave to appeal, limiting the appeal to the issue concerning the enhancement of defendant's sentence based on his habitual offender status. *People v Willingham*, unpublished order of the Court of Appeals, entered June 27, 2017 (Docket No. 337917). We affirm.

We start our review by quoting the relevant subsections of MCL 769.13, which provide as follows:

(1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the

-1-

defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

(2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.

Our examination of the lower court record in this case reveals that the felony warrant and complaint included the language, "HABITUAL OFFENDER – THIRD OFFENSE NOTICE." The specifics regarding two prior felony convictions are listed under the notices. On April 19, 2013, defendant was arraigned in the district court. Later, on May 2, 2013, defendant appeared at his preliminary examination but then waived his right to the examination, acknowledging in writing that he would be "bound over to circuit court on the charges in the complaint and warrant[.]"[1]  Also on May 2, 2013, the prosecution placed the following rejected plea offer on the record:

Yes, Your Honor, we've offered the Defendant the opportunity to plead guilty as charged to count one as a second sexual offender, and upon successful plea and sentence, thereto, we will dismiss count two and the supplemental information charging him as a third felony offender.

On May 2, 2013, defendant additionally waived his circuit court arraignment, executing a form which provided that defendant had received a copy of the felony information, that he read it or had it explained to him, and that he understood the substance of the charges.[2]  The felony information contained the same habitual-offender, third-offense notice provision found in the felony warrant and complaint.[3]  On the date of trial in early 2014, defendant waived his right to a

---

[1] Defendant's attorney had executed a demand for discovery that requested, in part, a copy of the felony complaint and warrant.

[2] Defendant's attorney also signed the form.

[3] At oral argument, the prosecutor informed the panel that her review of the file showed that the prosecution had not provided a copy of the information to defendant.  In defendant's appellate brief, after referencing the felony information and indicating that it contained the habitual offender notice, defendant states that neither he nor his attorney "were served with the habitual offender notice."  We note that the felony information was signed by the prosecutor about two weeks prior to the scheduled preliminary examination and filed with the court approximately two weeks after defendant waived the examination and circuit court arraignment.

jury trial, and he expressly indicated that he understood that if found guilty in the bench trial, it would make him a third habitual offender subject to an enhanced maximum sentence of 30 years. At the sentencing hearing and in the presentence investigation report, it was expressed that defendant was being sentenced as a third-offense habitual offender, yet no objection or challenge was raised on the matter.

We review a trial court's ruling on a motion for relief from judgment brought pursuant to MCR 6.500 *et seq.*, for an abuse of discretion, although any of the court's underlying factual findings are reviewed for clear error. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *Id*. at 628-629 (citation omitted). Associated questions of law are reviewed de novo. *Id.* at 629.

Under MCR 6.508(D)(3), a "defendant has the burden of establishing entitlement to the relief requested." And a court is generally not permitted to grant relief from a conviction or sentence unless a defendant has exhausted his appellate rights to a direct appeal under MCR 7.200 and 7.300 *et seq*, is not raising an issue that was previously rejected, and, absent "good cause" and "actual prejudice," is not alleging grounds for relief that could have been argued on direct appeal. MCR 6.508(D)(1) to (3). To obtain relief, defendant was required to establish, in part, "good cause" for not previously raising on appeal the POS-habitual-offender issue.[4] For purposes of showing "good cause" under MCR 6.508(D)(3)(a), it "can be established by proving ineffective assistance of counsel." *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004). "To demonstrate ineffective assistance, it must be shown that defendant's attorney's performance fell below an objective standard of reasonableness and this performance prejudiced him." *Id.*

We cannot conclude that defendant's trial or appellate counsel was ineffective for not raising the POS-habitual-offender argument. We initially note that it is absolutely clear and beyond dispute that defendant had notice and was aware of the fact that the prosecution sought sentence enhancement based on defendant's status, upon conviction, as a third habitual offender. The notice was contained in the felony warrant and complaint, which were requested by defendant through discovery, and he acknowledged in writing on the date he waived his right to a preliminary examination that he was being bound over "on the charges in the complaint and warrant[.]" Given the prosecutor's concession at oral argument that the prosecution did not serve the felony information on defendant, even though defendant acknowledged receiving it in the waiver of circuit court arraignment, we shall proceed on the basis that defendant was not served with the information. That said, the prosecutor stated on the record at the scheduled preliminary examination, with defendant present, that defendant was offered and rejected a plea that would have included dismissal of "the supplemental information charging him as a third felony offender." We also note that when defendant waived his right to a jury trial on the date of

---

[4] "The court may waive the 'good cause' requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime." MCR 6.508(D)(3). In the instant case, the trial court did not waive the "good cause" requirement and, moreover, the issue posed by defendant regards his sentencing and not the conviction.

trial, he acknowledged that if found guilty in the bench trial, he would be sentenced as a third habitual offender.

In *People v Walker*, 234 Mich App 299, 314-315; 593 NW2d 673 (1999), this Court, facing a similar situation, observed and held:

> There is no question that MCL 769.13 provides that the prosecution shall file in the lower court a written proof of service of its notice of intent to seek an enhanced sentence. Here, no such proof of service is contained in the lower court file. Even if we were to assume, however, that the prosecution failed to file the proof of service (as opposed to the alternative explanation that the trial court clerk failed to place the proof of service in the file), defendant has offered no reason whatsoever for us to find that he is entitled to a reversal of his convictions.
>
> In particular, defendant asserts in a conclusory fashion that his right to due process was violated by the prosecution's failure to file a proof of service. Defendant has cited, and we have located, no authority whatsoever to support such a proposition. In any event, reversal is not warranted on a basis of this issue because any error was harmless beyond a reasonable doubt. Defendant makes no claim that he did not receive the notice of intent to enhance. Indeed, defense counsel admitted at the sentencing hearing that the notice of intent had been received; defendant simply contends that the proof of service was not filed with the lower court. If true, this in no way prejudiced defendant's ability to respond to the habitual offender charge. [Citations omitted.]

Here, defendant's claim of appeal following his conviction was filed on May 1, 2014, and his brief in support of that appeal was filed on September 16, 2014. *Walker* certainly appeared to be binding precedent at the time the appeal and brief were filed, MCR 7.215(J)(1), such that the performance of trial and appellate counsel in not raising a POS-habitual-offender argument cannot be deemed deficient, where any assumed error was plainly harmless beyond a reasonable doubt in light of defendant's timely knowledge of the sought-after enhancement. Failure to advance a futile or meritless argument does not constitute ineffective assistance of counsel. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

The Supreme Court did issue an order in *People v Cobley*, 463 Mich 893 (2000), wherein the Court, in lieu of granting leave to appeal, remanded a case to the trial court, directing:

> On remand, the defendant's sentence, as a fourth habitual offender, is to be vacated and the defendant resentenced because the prosecutor has not proven that the notice of sentence enhancement was served on defendant within 21 days after the defendant was arraigned. In all other respects, the application for leave to appeal is denied.

In the case presently before us, the record indisputably establishes that defendant was made aware within the 21-day period that the prosecution was seeking sentence enhancement as a third felony offender, given that the prosecutor referenced it on the record on May 2, 2013; the

district court arraignment was conducted about two weeks earlier on April 19, 2013. On May 2, 2013, defendant also acknowledged that he was being bound over on the charges in the complaint and warrant, which both had a third-offense habitual notice. Moreover, there was no prejudice to defendant's ability to respond to the habitual offender charge. Assuming that trial and appellate counsel were or should have been aware of *Cobley*, there would have been no factual basis to raise an issue about the notice.

By order dated October 30, 2015, the Michigan Supreme Court in *People v Muhammad*, 498 Mich 909 (2015), ruled:

> The Court of Appeals erred by applying harmless error analysis without first determining whether the trial court's order dismissing the habitual offender notice was erroneous. See MCR 2.613(A) (stating that a judgment or order of the court may not be vacated, modified, or otherwise disturbed "unless refusal to take this action appears to the court inconsistent with substantial justice"). The prosecutor has conceded that it did not timely serve the habitual offender notice under MCL 769.13. On remand, we direct the Court of Appeals to determine whether the trial court erred by concluding that the proper remedy for the prosecutor's statutory violation was dismissal of the habitual offender notice.

This order, like the *Cobley* order, concerned a failure to provide notice within the allotted time period. Moreover, the *Muhammad* order was entered after our defendant's appellate brief was filed in this Court and after this Court's opinion was issued. Thus, the *Muhammad* order does not lend support for defendant's claim of ineffective assistance of counsel.

Recently, this Court in *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018), addressed a situation in which the defendant contended that he was entitled to resentencing because the prosecutor had failed to file a POS relative to a fourth-offense, habitual-offender notice. The *Head* panel held:

> The failure to file a proof of service of the notice of intent to enhance the defendant's sentence may be harmless if the defendant received the notice of the prosecutor's intent to seek an enhanced sentence and the defendant was not prejudiced in his ability to respond to the habitual offender notification. *People v Walker*, 234 Mich App 299, 314-315; 593 NW2d 673 (1999).

> In this case, defendant is correct that the prosecutor failed to file a proof of service of the notice of intent to enhance defendant's sentence. However, the error is harmless because defendant had actual notice of the prosecutor's intent to seek an enhanced sentence and defendant was not prejudiced in his ability to respond to the habitual offender notification.

> In particular, the charging documents in the lower court file all apprised defendant of his fourth-offense habitual offender status. Although defendant vaguely asserts that the habitual offender notice was not properly "served" on defendant or defense counsel, defendant does not specify what he means by this.

Defendant does not claim that he and defense counsel never received a copy of the charging documents. Moreover, defendant received actual notice on the record at the preliminary examination that he was being charged as a fourth-offense habitual offender. [*Head*, 323 Mich App at 543-544.]

The opinion in *Head*, which confirmed the harmless-error principle invoked in *Walker*, further supports our conclusion that trial and appellate counsel in the instant case were not ineffective for failing to raise a POS-habitual-offender argument. Their performances did not fall below an objective standard of reasonableness. *Kimble*, 470 Mich at 314. Again, failing to pursue a futile or meritless argument does not constitute ineffective assistance of counsel. *Ericksen*, 288 Mich App at 201.

We acknowledge that in *People v Straughter*, 501 Mich 944, 944-945 (2017), our Supreme Court entered an order granting oral argument on a pending application for leave, directing the appellant to address the following issues:

(1) whether the harmless error tests articulated in MCR 2.613 and MCL 769.26[5] apply to violations of the habitual offender notice requirements set forth in MCL 769.13 . . .; (2) whether the prosecutor may establish that a defendant received a habitual offender notice at any time before the 21–day time limit in MCL 769.13 by any means other than a proof of service; and (3) whether providing a habitual offender notice in district court satisfies the requirement set forth in MCL 769.13 that the habitual offender notice be served within 21 days after the defendant's arraignment on the information.

Our Supreme Court entertained oral argument on October 9, 2018, in *Straughter*, and a ruling has not been issued or entered as of the date of this opinion.

We find no need to await the *Straughter* decision or to hold this case in abeyance pending a ruling in *Straughter*, because even if our Supreme Court overrules *Head* and *Walker*, we could hardly hold trial and appellate counsel ineffective for decisions made years earlier, where *Walker* controlled. The performance of counsel was not ineffective as judged by the applicable law at the time they represented defendant.

---

[5] MCL 769.26 provides:

No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

In sum, defendant did not establish "good cause" for purposes of MCR 6.508(D)(3)(a); therefore, he cannot be excused for having failed to raise the POS-habitual-offender issue in the earlier direct appeal.  Accordingly, the trial court did not err in denying defendant's motion for relief from judgment.

Affirmed.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Jane M. Beckering