*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 23, 2019

Plaintiff-Appellee,

v

No. 342006
Gladwin Circuit Court
LC No. 16-008588-FC

TERRY ANTHONY ROGERS,

Defendant-Appellant.

Before: BORRELLO, P.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his sentence for his conviction of assault with a dangerous weapon (felonious assault), MCL 750.82. We affirm.

## I. BACKGROUND FACTS & PROCEDURAL HISTORY

Defendant pleaded *nolo contendere* to felonious assault[2] as a fourth-offense habitual offender and, in exchange, the prosecution agreed to a minimum sentence of 17 months in prison. At the plea hearing, the trial court told defendant that he was charged as an habitual offender, and defendant said that he understood and stipulated to the factual basis for the habitual offender enhancement. At the sentencing hearing, the trial court made a correction to the presentence investigation report (PSIR) because it did not include the fourth-offense habitual offender charge, and defense counsel agreed to the correction. The trial court stated that it would not impose the agreed-upon sentence, but it did not allow defendant to withdraw his plea because he had engaged in misconduct after the trial court entered the plea but before sentencing, in violation of MCR 6.310(B)(3). The trial court sentenced defendant as a fourth-offense habitual

---

[1] *People v Rogers*, unpublished order of the Court of Appeals, entered April 26, 2018 (Docket No. 342006).

[2] Defendant was originally charged with assault by strangulation, MCL 750.84(1)(b), as a fourth-offense habitual offender.

offender to 4 to 15 years in prison. The court subsequently denied defendant's motion for correction of an invalid sentence, holding that defendant's due-process rights were not violated on the basis that the prosecutor failed to file a proof of service of defendant's habitual offender notice. We granted defendant's delayed application for leave to appeal with respect to this issue only.

## II. REQUIREMENTS OF MCL 769.13

Defendant alleges that because the prosecutor failed to comply with the notice filing requirements of the habitual offender statute, MCL 769.13(1) and (2), he is entitled to resentencing without the habitual offender enhancement. We disagree.

## A. STANDARD OF REVIEW

A defendant's claim that his right to due process was violated is a question of law that is reviewed de novo. *People v Walker*, 234 Mich App 299, 302; 593 NW2d 673 (1999). Similarly, whether a defendant is entitled to resentencing when the prosecutor fails to file a proof of service of the habitual offender notice is a question of law that this Court reviews de novo. *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018). This issue "involves the application of statutory provisions and court rules," and "[u]nambiguous language in a statute or court rule is enforced as written." *Id*.

Preserved claims of constitutional error are subject to harmless-error review. *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999). This "[C]ourt must determine whether the beneficiary of the error has established that it is harmless beyond a reasonable doubt." *Id*. Further, MCR 2.613(A) provides, in relevant part, that

> an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

Likewise, MCL 769.26 provides, in relevant part, that

> [n]o judgment or verdict shall be set aside or reversed . . . for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

## B. LAW & ANALYSIS

MCL 769.13 governs the procedure that a prosecutor must follow when he or she seeks to enhance a defendant's sentence based on the defendant's prior criminal record. MCL 769.13(1) provides, in relevant part, that

> [i]n a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant . . . by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the

underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

MCL 769.13(2) further provides that

> [a] notice of intent to seek an enhanced sentence filed under subsection (1) . . . shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.

The specific provision at issue is the requirement that "[t]he prosecuting attorney shall file a written proof of service with the clerk of the court." MCL 769.13(2).

In *Walker*, 234 Mich App at 314, the defendant argued that his right to due process was violated when the prosecution failed to file a proof of service of its notice of intent to enhance his sentence, but the defendant made "no claim that the notice of intent had not been received . . . ." *Id*. at 314. The panel in *Walker* determined that the error was harmless because the prosecution's failure to file the notice "in no way prejudiced [the] defendant's ability to respond to the habitual offender charge." *Id*. at 315. Similarly, in *Head*, 323 Mich App at 544, this Court held that a prosecutor's failure to file a proof of service of the notice of the habitual offender sentence enhancement was harmless error. "[B]ecause [the] defendant had actual notice of the prosecutor's intent to seek an enhanced sentence[,] . . . [the] defendant was not prejudiced in his ability to respond to the habitual offender notification." *Id*. Despite the prosecutor's failure to file a proof of service of the notice of intent to enhance the defendant's sentence with the clerk of court, "the charging documents in the lower court file all apprised [the] defendant of his fourth-offense habitual offender status." *Id*. at 542, 544. Moreover, the defendant in *Head* had actual notice that he was being charged as a fourth-offense habitual offender because he was informed of the habitual offender enhancement on the record at the preliminary examination. *Id*. at 544. Although the defendant waived a formal reading of the information, he never claimed that he did not receive a copy of the information, which included the habitual offender notice. *Id*. Further, the defendant and defense counsel did not object when the trial court sentenced defendant as a fourth-offense habitual offender, and they acknowledged his habitual offender status on the record at a pretrial hearing. *Id*. at 545. Finally, the defendant had "not asserted in the trial court or on appeal that he had any viable challenge to his fourth-offense habitual offender status." *Id*. This Court concluded that "[b]ecause [the] defendant had access to the charging documents, he had notice of the charges against him, including the habitual offender enhancement," and, accordingly, he was not entitled to resentencing. *Id*. at 544-545.

This case is analogous to *Head*, 323 Mich App at 544-545, and *Walker*, 234 Mich App at 314-315. The prosecution has not disputed that it did not file a proof of service of the notice of its intent to enhance defendant's sentence with the clerk of court, in violation of MCL 769.13(2). However, the felony complaint and the felony information both included the fourth-offense habitual offender charge, and defendant has not alleged that he did not receive those documents. Although defendant waived his arraignment, at his preliminary examination the prosecutor asked

the trial court to bind defendant over as a fourth-offense habitual offender. At the plea hearing, defendant pleaded no contest to the habitual offender charge and stipulated to the factual basis for that charge. Further, at the sentencing hearing, the trial court stated that the PSIR needed to be corrected because "it just [said] assault with a dangerous weapon, felonious assault. It should also [have said] the hab-4, and be a maximum penalty of 15 years." Defense counsel responded, "I agree, Your Honor." Notably, defendant has not challenged the substantive basis for his fourth-offense habitual offender status in the trial court or on appeal. Accordingly, while the prosecutor failed to file a proof of service of the habitual offender notice, defendant is not entitled to resentencing because that error was harmless. See *Head*, 323 Mich App at 544.[3]

Affirmed.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Michael J. Riordan

---

[3] We are bound by this Court's decision in *Head*, 323 Mich App 526, see MCR 7.215(J)(1), and we decline to address defendant's assertion that *Head* was wrongly decided. Similarly, we are aware that our Supreme Court recently heard oral argument on the application in *People v Straughter*, 501 Mich 944, 945 (2017), to consider this Court's holding that the defendant was entitled to resentencing without a habitual offender enhancement where the prosecution was unable to show either that the defendant was timely served with a written notice of its intent to seek the enhancement or that actual notice was ever provided, *People v Straughter*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2017 (Docket No. 328956), pp 9-10 & n 10. However, unless and until the Supreme Court overrules or modifies *Head*, we are bound to follow the rule of law established therein. MCR 7.215(J)(1).