*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 3, 2019

v

STEVEN ROSS SIMMONS,

Defendant-Appellant.

No. 342842
Clinton Circuit Court
LC No. 17-009776-FC

Before: CAVANAGH, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant pleaded *nolo contendere* to one count of third-degree criminal sexual conduct (CSC-III) (sexual penetration accomplished by force or coercion), MCL 750.520d(1)(b), and was sentenced as a second-offense habitual offender, MCL 769.10. Defendant appeals by delayed leave granted,[1] claiming that his sentence as a habitual offender is invalid because the prosecution failed to serve him with notice of its intent to seek an enhanced sentence and the lower court file contains no proof of service of this notice. Because defendant had actual notice of the prosecution's intent to seek a habitual-offender sentence enhancement, and because he specifically acknowledged such actual notice before entering his *nolo contendere* plea, any error was harmless; therefore, we affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The facts of this case are not in dispute. In 2017, defendant was charged with first-degree criminal sexual conduct (CSC-I) and CSC-III against a child under the age of 13. The prosecutor filed both a felony information and supplemental information listing the CSC charges and the prosecutor's intent to seek an enhanced habitual-offender sentence. According to the supplemental information, defendant had been convicted of a prior felony and was a second-

---

[1] *People v Simmons*, unpublished order of the Court of Appeals, entered April 26, 2018 (Docket No. 342842).

offense habitual offender.  In exchange for dismissal of the CSC-I charge, defendant pleaded *nolo contendere* to CSC-III as a habitual offender.  The trial court sentenced him to serve 180 to 270 months' imprisonment, which was a 12-month upward departure from the applicable guidelines minimum sentence range for a second-offense habitual offender.

## II.  ANALYSIS

Defendant argues that he should not have been sentenced as a second-offense habitual offender and is entitled to resentencing because the prosecutor failed to follow the statutory notice requirements under MCL 769.13.  We disagree.

The question of whether the habitual-offender notice requirements were met "is reviewed de novo as a question of law because it involves the interpretation and application of statutory provisions and court rules." *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018).  Similarly, a defendant's claim that his right to due process was violated is a question of law that is reviewed de novo. *People v Walker*, 234 Mich App 299, 302; 593 NW2d 673 (1999).  Finally, for preserved constitutional issues, "[i]f the error is not a structural defect that defies harmless error analysis, the reviewing court must determine whether the beneficiary of the error has established that it is harmless beyond a reasonable doubt." *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999).

MCL 769.13 states, in pertinent part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement.  The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1).  The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings.  The prosecuting attorney shall file a written proof of service with the clerk of the court.

Our purpose in reviewing questions of statutory construction is to discern and give effect to the Legislature's intent. *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018).  Our analysis begins by examining the plain language of the statute; if the language is unambiguous, no judicial construction is required or permitted and the statute must be enforced as written. *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999); *Head*, 323 Mich App at 542.

Under the plain language of MCL 769.13, the prosecutor "shall" serve notice upon the defendant or his attorney within 21 days and "shall" file proof of service in the lower court file.

Because the purpose of MCL 769.13 is to ensure that a defendant receives notice that he could be sentenced as a habitual offender at an early stage in the proceedings, *People v Morales*, 240 Mich App 571, 582; 618 NW2d 10 (2000), the statute's use of the word "shall" indicates that it is mandatory, *In re Forfeiture of Bail Bond*, 496 Mich 320, 339-340; 852 NW2d 747 (2014).

In this case, there is no proof of service in the lower court file, and there is no indication that defendant was served with notice in the manner prescribed. The prosecution has not filed a brief on appeal to challenge this fact. However, MCL 769.26 states:

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

This statutory doctrine is also found in our court rules.[2] MCR 2.613(A) states:

> An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

In *Head*, 323 Mich App at 544, we held that the prosecutor's failure to file a proof of service of the notice of intent to seek an enhanced sentence was harmless because the "defendant had actual notice of the prosecutor's intent to seek an enhanced sentence and defendant was not prejudiced in his ability to respond to the habitual offender notification." The defendant had contended that he should be resentenced because the prosecutor did not "file a proof of service of the fourth-offense habitual offender notice" and did not properly serve the defendant with this notice. *Id*. at 542. This Court disagreed, reasoning that "the charging documents in the lower court file all apprised defendant of his fourth-offense habitual offender status" and, although the defendant claimed to not have been properly served, this contention was vague and without sufficient explanation. *Id*. at 544. "Because defendant had access to the charging documents, he had notice of the charges against him, including the habitual offender enhancement, and he also was informed of the habitual offender enhancement at the preliminary examination." *Id*. at 544-545. The defendant did not claim that he failed to receive a copy of the charging documents. *Id*. at 544. Furthermore, neither the defendant nor his counsel were "surprise[d] at sentencing when defendant was sentenced as a fourth-offense habitual offender." *Id*. at 545. Therefore, the prosecutor's failure to file the proof of service was harmless error. *Id*. See also *Walker*, 234 Mich App at 314-315 (holding that failure to file a proof of service of the intent to seek an enhanced habitual-offender sentence was harmless and did not require resentencing).

---

[2] See *People v Lukity*, 460 Mich 484, 491; 596 NW2d 607 (1999) (citation omitted).

*Head* is directly on point. Just as in *Head*, defendant in this case had actual notice of the prosecutor's intent to seek an enhanced sentence. The supplemental information contained notice of defendant's habitual-offender status, and defendant makes no claim that he or his attorney did not have access to the record or did not receive the charging documents. Furthermore, at defendant's plea hearing he was repeatedly informed of the prosecutor's intention to seek an enhanced sentence and he specifically confirmed his understanding that he was entering a no-contest plea as a habitual offender. Accordingly, any error was harmless. Defendant had actual notice of his second-offense habitual offender status, which fulfilled the statute's purpose. See *Morales*, 240 Mich at 582. Because defendant had actual notice and specifically indicated his informed decision to enter a no-contest plea as a habitual offender, the error did not result in a miscarriage of justice and defendant is not entitled to resentencing. See MCL 769.26; MCR 2.613(A); *Head*, 323 Mich App at 545.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien

-4-