*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TNT.

---

LINDSEY TOWNE,

      Petitioner-Appellee,

v

TNT,

      Respondent-Appellant.

UNPUBLISHED
June 27, 2024

No.     365825
Washtenaw Probate Court
LC No.   23-000202-MI

---

Before:  O'BRIEN, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

Respondent appeals as of right the probate court order granting the petition for involuntary mental-health treatment.  Respondent was committed to a combined hospitalization and assisted outpatient treatment no longer than 180 days, with an initial hospitalization period of up to 60 days. We affirm.

## I. Background

Respondent was admitted to a hospital on March 6, 2023 after going to the emergency room the night before and asking for medication for his anxiety and post-traumatic stress disorder. Respondent was examined by Dr. Raghuanandan and then by Dr. Mohammed, respectively, first on March 5 at 9 am and then on March 7 at 6 am; they determined that respondent "presents with disorganized thought process, disorganized speech, paranoid delusional thoughts, and functional decline" and was "delusional, paranoid, hyperverbal, flight of ideas, overinclusive, irritable." Respondent was diagnosed with psychosis and bipolar disorder.

The clinical social worker signed a petition on March 5, 2023 that was filed March 9, 2023, with the probate court requesting a combination of hospitalization and assisted outpatient treatment for respondent.[1]  No notice of hospitalization was filed with the court, but a trial date was set for March 15, 2023. On March 10, five days before the hearing, a notice of hearing and advice of

---

[1] No explanation exists for the delay between the drafting and filing of the petition.

rights form was given to respondent, as well as a Zoom notice of hearing. The same day, counsel was appointed to represent him in this matter, and filed a certificate of legal counsel certifying that she had personally "seen and consulted with [respondent] at least 24 hours before the time set for the hearing." Respondent had no recollection of this meeting, and only recalled meeting with counsel the day before the hearing.[2]

On March 15, 2023, the trial court held a hearing on the petition.[3] During the hearing, Dr. Blake, a licensed clinical psychologist, testified that he examined respondent briefly and diagnosed respondent with mood disorder with psychotic features. He testified that "it would be dangerous for [respondent] to be discharged without treatment," and he had concerns of respondent's "dangerousness to others and, possibly, even to himself . . . ." Respondent's son also testified, saying that respondent did not want to accept the diagnoses of the doctors and refused their medication for the new psychosis and bipolar diagnoses. The son testified that the son did not know about the hearing until earlier that day, and that respondent was separated from his papers which made planning a defense difficult. Respondent was present throughout the hearing and testified on his own behalf, stating that one of his two service dogs was euthanized recently and that, in the hospital, he did not have his usual medicines to treat his PTSD and anxiety. At the conclusion of the hearing after all witnesses had testified, respondent's counsel noted, "I do see that [respondent] is no longer . . . as you[, Judge,] were doing your ruling, I do not see him present on the ZOOM hearing at this point." The trial court stated, "Yes, we noted that as well, thank you."

The trial court granted the petition and entered a combined order on March 15, 2023 "which will allow for hospitalization up to 60 days . . . and assisted outpatient treatment not to exceed 180 days." On the order, the trial court designated that respondent required treatment under MCL 330.1401(1)(a) and (c).

Respondent appeals as of right, arguing that his constitutional due-process rights were violated because a notice of hospitalization was not filed, respondent's counsel did not meet with respondent before the hearing, and respondent was not present near the end of the hearing. We disagree.

II. Standard of Review

Generally, we review "for an abuse of discretion a probate court's dispositional rulings and review[] for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). Because this issue was not preserved for appeal, however, we will review for plain error affecting defendant's substantial rights. See *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019). To establish plain error, respondent must establish that:

(1) error occurred; (2) the error was "plain," i.e., clear or obvious; and (3) the plain error affected their substantial rights. And the error must have seriously affect[ed]

---

[2] Respondent acknowledges that counsel complied, "in a strict sense" with MCL 330.1454(8) by meeting with him within 72 hours of the petition being filed.

[3] Counsel for respondent did not object to the fact that no Notice of Hospitalization was filed and did not present respondent's objection that counsel failed to meet with him prior to trial.

the fairness, integrity or public reputation of judicial proceedings[] . . . . *Id.* (citation and quotation marks omitted; alteration in original)

This Court has recognized that "civil commitment proceedings in Michigan implicate important liberty interests, protected by due process, that belong to the person who is the subject of a petition for involuntary mental health treatment." *In re Londowski*, 340 Mich App 495, 508; 986 NW2d 659 (2022). "Due process requires that a party receive notice of the proceedings against it and a meaningful opportunity to be heard." *In re Jestila*, 345 Mich App 353, 356; 5 NW3d 362 (2023) (quotation marks and citation omitted). Our analysis must balance "the individual's interest in not being subject to involuntary mental health treatment against the state's interest in compelling mental health treatment for a particular individual." *In re Londowski*, 340 Mich App at 509. "A respondent has the right to be present at a civil commitment hearing." *In re Jestila*, 345 Mich App at 356, citing MCL 330.1453(2).

III. Analysis

Subsection 330.1431(1) of the Mental Health Code provides that "[w]ithin 24 hours after receipt of a clinical certificate by a psychiatrist . . . the hospital director shall transmit a notice to the court that the patient has been hospitalized. The notice shall be accompanied by the petition and the 2 clinical certificates that were executed." MCL 330.1431(1). The Mental Health Code also provides that every "individual who is the subject of a petition is entitled to be represented by counsel." MCL 330.1454(1). In *In re Londowski*, 340 Mich App at 515, this Court held that "due process requires that an individual subject to a petition in a civil commitment proceeding has a right to the effective assistance of counsel." Section 330.1454 of the Mental Health Code provides, in pertinent part, as follows:

> (7) Legal counsel shall consult in person with the subject of a petition *at least 24 hours* before the time set for a court hearing.
>
> (8) Legal counsel for the subject of a petition . . . who is hospitalized pending the court hearing shall consult in person with the individual for the first time *not more than 72 hours* after the petition and 2 clinical certificates have been filed with the court.
>
> (9) After the consultation required in subsection (7) or (8), counsel promptly shall file with the court a certificate stating that he or she personally has seen and has consulted with the subject of a petition as required by this section. [MCL 330.1454(7) to (9) (emphasis added).]

In the present case, respondent was provided with a notice of hearing and advice of rights five days before the mental-health hearing. The petition for mental-health treatment was filed on March 9, 2023. Respondent's counsel met with respondent on March 10, 2023, and filed a certificate of legal counsel with the trial court in which she certified that she personally saw and consulted with respondent at least 24 hours before the mental-health hearing, which was held on March 15, 2023. At the beginning of the hearing, respondent's counsel entered her appearance,

stating that she was "appearing on behalf of [respondent] who I do see is present." Respondent was then present throughout the hearing and testified on his own behalf.

First, respondent argues that the trial court's failure to ensure that a notice of hospitalization was filed was plain error because it violated respondent's due-process rights, citing this Court's decision in *In re Jestila* in support of his argument. However, the present case is distinguishable from *In re Jestila*. In that case, the respondent was at first served with a notice of the hearing, but the hearing was rescheduled multiple times. *In re Jestila*, 345 Mich App at 354. The last time that it was rescheduled, the notice sent to the respondent was returned as undeliverable and no proof of service was filed indicating that the respondent was provided notice of the new hearing date. *Id*. at 355. Although the respondent was absent at the hearing, it was held regardless, and the trial court entered an order committing the respondent to another year of mental-health treatment. *Id*. This Court held that "it is clear that the probate court did not comply with the notice and service requirements" because the notices of hearing served to the respondent were marked as undeliverable and the respondent never actually received notice of the hearing. *Id*. at 357.

In the present case, the notice of hospitalization was not filed with the court within 24 hours stating that respondent needed to be hospitalized, pursuant to MCL 330.1431(1). Respondent was personally served, with the notice of hearing and advice of rights on March 10, five days before the hearing. "[C]ivil commitment statutes must be strictly complied with . . . given the compelling liberty interest at stake." *Id*. at 358-359. Therefore, the trial court plainly erred by failing to recognize that a notice of hospitalization was not timely issued, thereby failing to comply with the requirements of MCL 330.1431(1). See *In re Ferranti*, 504 Mich at 29. Unlike the respondent in *In re Jestila*, however, this error did not affect respondent's substantial rights because respondent was provided with a notice of hearing and advice of rights 5 days in advance of the hearing, the hearing was not rescheduled, and respondent was present throughout the hearing. Also unlike the trial court in *In re Jestila*, the trial court in this case complied with the "procedural safeguards ensuring respondent's rights to be present and heard" and, therefore, did not commit a "significant error." *In re Jestila*, 345 Mich App at 358. [4]

Second, respondent argues that, although his attorney complied with the requirements of MCL 330.1454, respondent's son testified that respondent did not have a clear memory of meeting with his attorney and, did not have his documents that respondent kept at home; therefore, respondent was deprived of his right to effective assistance of counsel because he could not sufficiently prepare for trial. This argument is unavailing. Respondent was provided with a notice of hearing and advice of rights five days before the hearing. Even if respondent forgot about his meeting with his attorney and only remembered to attend the hearing on the actual day of the hearing, respondent failed to show why that was plain error affecting his substantial rights. See *In re Ferranti*, 504 Mich at 29. Respondent's attorney complied with the statutory procedures

---

[4] While petitioner should have served the notice of hospitalization on the probate court to prove he was served with the petition and two clinical certificates as well as the notice of hearing and advice of rights, respondent does not argue that he failed to receive these documents. Further, he has not argued that the failure to serve the notice of hospitalization on the probate court impeded his ability to present his case at the hearing. As in an analogous setting, the hearing and respondent's participation and representation by counsel cures the defect. See *People v Walker*, 234 Mich App 299, 314-315; 593 NW2d 673 (1999) (harmless error in failing to file proof of notice of intent to enhance sentence where the defendant only argues that the court did not receive the notice required by MCL 769.13(2)).

required of her pursuant to the Mental Health Code, and respondent was given a meaningful opportunity to be heard. See *In re Jestila*, 345 Mich App at 356.

Finally, respondent argues that he was deprived of his right to be present because he was not present at the end of the hearing. This argument is not persuasive. A respondent's right to be present at a civil commitment hearing is important because it provides a respondent with the opportunity to present evidence and to examine and cross-examine witnesses. See MCR 3.987(E). Respondent was present throughout the hearing and presented the testimony of three witnesses: himself, his pastor, and his son. Respondent's counsel also cross-examined the petitioner's witness. Respondent was present while the witnesses were examined and cross-examined, even interrupting the court to try and ask them questions himself. Although respondent was absent from the virtual hearing while the trial court finished its ruling, at that point in the hearing, all testimony had been presented and the trial court had come to a decision on the petition. Respondent was no longer able to present evidence or examine witnesses, or to contribute in any meaningful way. Respondent's absence in the final minutes of the hearing did not violate his right to be present at the hearing, nor did it affect his ability to fully participate. Therefore, there was no plain error affecting his substantial rights. See *In re Jestila*, 345 Mich App at 356; *In re Ferranti*, 504 Mich at 29.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney